## ELLIOTT v. SMITH & CO. FOR THE USE OF HARRALSON.

1. Though the declaration omit to lay damages, yet if they are laid in the writ, the declaration is unobjectionable. And where the cause of action is a legal liability, certain and defined, the damages being the statute rate of interest, they need not be laid either in the writ or declaration.
2. A judgment by default, where no declaration is filed, is fatal, even on error. So a declaration in the name of a party for whose use a suit was brought, will not sustain a judgment in the name of the legal plaintiffs for his use.

J. S. Smith & Co. for the use of Hugh A. Harralson, caused to be issued a writ of capias ad respondendum against the

plaintiff in error, returnable to the Circuit Court of Russell, and endorsed as the cause of action, a copy of a promissory note, as follows:

"$306 25-100ths.   Due J. S. Smith & Co. or bearer, three hundred and six and twenty-five hundredths dollars, value rec'd.

Columbus, Jan'y. 18th, 1837.

G.  W.  ELLIOTT."

The declaration, instead of using the name of the nominal plaintiffs in the writ, made Hugh A. Harralson, the sole plaintiff.

In the writ, the plaintiff's damages are laid at six hundred dollars, while the declaration merely charges the non-payment of the note "to the damage of the said plaintiff," without stating any certain sum.

A judgment by default, was rendered against the plaintiff in favor of the defendants in error, for the use of Hugh A. Harralson, as described in the writ.   The case comes here by writ of error, and it is now insisted that the Circuit Court erred, in rendering a judgment for damages where none are laid in the declaration; and because the record does not contain a sufficient declaration.

HARRIS, for the plaintiff.

No COUNSEL, appearing for the defendant.

COLLIER, C. J.—1. In Boddie v. Ely, (3 Stewt. Rep. 182) it was determined that though the declaration omit to lay damages, yet if they are laid in the writ, the omission is not an available objection, on error.   The declaration was amendable in the Court below, and will here be considered as amended.   But we need not place our opinion on the ground taken in that case.   In the case at bar, the cause of action is a legal liability certain and defined, and the damages, being the statute rate of interest, cannot be exceeded; and consequently, the right to recover them, cannot upon any correct principle of reasoning be affected, either by omitting or stating a precise sum, in the declaration or writ.   And however the law may be in cases of a different character, in the present, the laying of damages must be regarded as

a matter of form, not to be reached either by general demurrer, or on error.    In no point of view then, is the first ground relied on, fatal to the judgment of the Circuit Court.    This conclusion, we think is fully sustained by the opinion of this Court, in McWhorter v. Standifer, (2 Porter's Rep. 519.)

2. It has been repeatedly holden that a judgment by *default*, could not be rendered, where no declaration had been filed: (Wheeler, *et al.* v. Bullard; 6 Porter's Rep. 352: Benson v. Campbell; Ibid. 455.)    Here a declaration accompanies the record; but it is not in the name of J. S. Smith & Co., use, &c. Hugh A. Harralson is made the plaintiff in their stead.    This is wholly unwarranted by the process, and does not show that the defendants in error, in whose favor the judgment was recovered, have a just cause of complaint against the plaintiff, or are entitled to recover.    In Moffet & Singleton v. Wooldridge, (3 Stewt. Rep. 322) the precise question arose.    In that case Thomas Wooldridge, *junior*, for the use of Thomas Wooldridge, *senior*, caused a summons to be issued by a Justice of the Peace, against Moffet; and a judgment being rendered in favor of the plaintiff in the summons, Moffet appealed to the Circuit Court, where a statement of the cause of action was filed in the name of Thomas Wooldridge, *senior*, to which Moffet demurred. The Circuit Court overruled the demurrer, and rendered a judgment against Moffet:  But this Court reversed its judgment, determining that the statement should have been in the name of the party suing out the summons.    The declaration then must be regarded as a nullity, because it is not authorized by the writ, and consequently cannot sustain the judgment.    On this ground the judgment of the Circuit Court is reversed, and the case remanded.