### ALLEN AND DEAN V. BRADFORD AND SHOTWELL.

1. Where an action is brought by two, it is irregular to render a judgment in favor of one.
2. A judgment may be amended *nunc pro tunc*, although no execution has issued on the original judgment within a year and a day from its rendition; but if a *scire facias* was necessary to authorise the issuance of the execution on the original, the same step must be taken on the amended judgment, as the entry is made *nunc pro tunc*.
3. A judgment *nunc pro tunc* may be entered without notice to the opposite party.
4. Where the record recites, that it satisfactorily appeared to the Court the original entry was irregular, through mistake, &c. it will be intended that the Court was satisfied of the mistake, by legal proof.

Writ of error to the Circuit Court of St. Clair.

The defendants in error declared against the plaintiff in *assumpsit*, on a promissory note, dated the twelfth day of November, 1838, by which the latter, together with John R. Allen, who was not sued, promised to pay to the former, " as administrators of the estate of Samuel J. Bradford, deceased, nine hundred and sixteen dollars and sixty cents," twelve months after date. At the trial term, a judgment by default was rendered against the defendants below, in favor of Bradford alone. Twelve months afterwards, the plaintiffs moved the Court to render a judgment *nunc pro tunc*, pursuant to the papers in the cause, which motion was granted, and judgment entered accordingly. This latter judgment recites that the mistake in the rendition of the first, was made satisfactorily to appear to the Court, and was thereupon rendered *nunc pro tunc*, in favor of both the plaintiffs in the action.

W. B. MARTIN, for the plaintiffs in error. The first judgment in favor of Bradford, was confessedly erroneous. The second was also irregular. 1. Because no execution had issued on the

first, and twelve months had elapsed from the time of its rendition.   2.. Because the record does not show, that notice of the motion for a judgment *nunc pro tunc*, was given to the defendants.   Though this Court has been liberal in correcting judgments, yet none of the cases are analagous to this.

No counsel appeared for the defendant.

COLLIER. C. J.—It is undoubtedly true, that the first judgment is irregular in being rendered in favor of one of the plaintiffs only.

It is no objection to the amended judgment, that no execution had issued within a year and a day, on the original judgment, but if a *scire facias* was necessary to entitle the plaintiff to an execution, when the amendment was made, the amendment which was an entry *nunc pro tunc*, would not in this respect, place the plaintiffs in a better condition.

This Court has repeatedly holden, that a judgment *nunc pro tunc* may be entered, though no notice is given to the opposite party.   Fuqua and Hewitt v. Carriel and Martin, Minor's Rep. 170 ; Clemens v. Judson and Banks, ibid. 395.   In point of law, no inconvenience can result from the want of notice, as such judgments are always founded on matter of record, or some entry or memorandum in the cause, and cannot be gainsayed by showing to the Court extraneous facts.   A judgment *nunc pro tunc* is merely consummating what the Court had ordered, or but imperfectly performed, and as it has a retrospective relation, nothing that has occurred *post factum* can be presented in opposition to it.

The declaration sufficiently shows in whose favor the judgment of the Circuit Court should have been rendered, and in the absence of any other memorandum or entry, furnished a sufficient warrant for the judgment *nunc pro tunc*.   But if any thing farther was necessary, it might perhaps be intended from the recital in the record, that it was satisfactorily shown to the Court, the first entry was irregular through mistake; that the Court was satisfied by legal proof.   See Thompson v. Miller, 2 Stew't. Rep. 470 ; Draughan and others v. The Tombeckbee Bank, 1 Stew't Rep. 66 ; Wilkerson v. Goldthwaite, 1 St. & P. 159 ; Mays, *et al.* v. Hassell, 4 S. & P. Rep. 222.

The consequence is, the judgment must be affirmed.