### Clark's adm'rs v. Stoddard, Miller & Co.

1. Where one of two partners, to a writ sued out against the firm, acknowledged service of the writ, thus—" I hereby acknowledge service of the within original writ, waiving copy; signed, Thomas S. Clark, one of the firm of Clark & Law"—held, that this was not an acknowledgment of service of the writ on behalf of the firm.
2. The voluntary appearance of an administrator, and consent to become a party to the suit, is an admission of record that his intestate was served with process.
3. The plaintiff may discontinue as to those partners on whom the writ is not served, and if the defendant served with process, die pending the suit, the action will survive against his representatives.
4. The want of a formal issue cannot be objected to, on error, when the record shows that the parties appeared and submitted their cause to a jury.

Error to the Circuit Court of Tallapoosa.

THIS action was *assumpsit* in the Court below, brought by the defendants in error against Thomas S. Clark and Augustus Law, partners, under the style of Clark & Law. The writ was acknowledged by Clark, thus: "I hereby acknowledge legal service of the within original writ, waiving copy writ." Signed, "Thomas S. Clark, one of the firm of Clark & Law." At a succeeding term of the Court, the suit was dismissed as to Law, and the death of Clark suggested, upon which the Court made an order, that a *scire facias* issue to the plaintiffs in error, adm'rs of Clark. At the next term, final judgment was thus entered.

"This day came the plaintiffs, by their attorney, and the death of the defendant, Thomas S. Clark, (who was served

with process) being suggested, and not denied, then comes Simeon Goldsby and Sarah Clark, adm'r and adm'x, of said Thomas S. Clark, and consent to become parties defendants to this suit. Thereupon came a jury, &c. who upon their oaths, do say, we, the jury, find for the plaintiffs, and assess their damage, &c. Therefore, it is considered, &c.

From this judgment, this writ of error is prosecuted. The assignments of error are,

1. Thomas Clark was not before the Court.

2. It was error to order a *sci. fa.*

3. It was error to make his adm'rs parties.

4. The cause was discontinued.

5. There was no issue to try.

T. CLAY, for plaintiff in error.

ORMOND, J.—An acknowledgment of the service of process, is sufficient, if shown, to have been made by the party.— The recital in the judgment, that Clark was served with process, would perhaps be sufficient to show that such proof was made, as the Court could not be certified of the fact, in any other mode. But in addition to this, we find that the adm'rs of Clark, came in and *consented* to become parties to the suit. This is an admission of record, that the process was served on their intestate, and disposes of the two first assignments of error.

By virtue of a statute of this State, when a writ issues against a firm, the service of the writ by the sheriff on one of the partners, will authorise him to return it, executed on all; or if he return the fact, that it was executed on one, it is an execution in law, on all the partners named in the writ.

At an early period in the history of this Court, in the case of Click and Morgan v. Click, Minor's Rep. 79, it was held, that an acknowledgment of service of the writ by one partner, was service on all. Without questioning that decision in the present case, we are of opinion, that in this case, the acknowledgment of service of the writ by Clark, was not intended by him as an acknowledgment in the name of, or on behalf of the firm. It is true, he calls himself one of the firm of Clark & Law, but the acknowledgement is expressly made for himself, individual-

ly, and cannot operate beyond that expressed intention. It becomes necessary, therefore, to consider whether the discontinuance of the suit as to Law, was a discontinuance of the action. This question has been decided by this Court, in the case of Earbee v. Evans & Carman, 1 Ala. Rep. 295, where it was held, that under our statute, a plaintiff might discontinue as to those partners on whom the writ was not served.

It is also objected that the suit could not be revived against the personal representatives of Clark. It might perhaps be considered that when the legislature authorized a suit against any member of a firm in his individual capacity, it would follow, that in the event of his death, pending the suit, it would survive against his representative. Whether this is a legitimate conclusion or not, we are satisfied, that under the equity of the act, "to amend judicial proceedings at common law, in regard to suits against co-partners," approved 1st February, 1839, the revival of this suit against the personal representatives of Clark, may be supported.

It remains but to inquire, whether the want of a formal issue, appearing in the record, will be available on error.

The current of decision in this Court, for some years past, has been to disregard those matters of form which do not affect the merits of the case, and which are in general, waived by the parties themselves in the Court below. When the parties appear, and submit their cause to a jury, we must presume, if no issue appears in the record, that it was waived by the parties; that the defendant having no defence to make, permitted judgment to pass without opposition.

Let the judgment be affirmed.