FARLEY'S Adm'r. v. NELSON.

1. The rule of practice which provides that all declarations, &c. shall be signed by counsel, where counsel is employed, if not merely directory, does not make a paper purporting to be a declaration defective, because it is unsigned ; unless it appears that the plaintiff was represented by counsel, at the time the declaration was filed.

2. A declaration in the plaintiff's name, although not signed by him, if placed on file, will be received as such.

3. Where the declaration omits to state the precise amount of damages, if necessary, reference may be had to the writ, but where the cause of action is a legal

liability, as the statute prescribes the rate of interest, damages need not be laid, either in the writ or declaration.

4. When a party dies pending a suit, a *scire facias* to revive it may, by statute, issue at any time to his personal representative.

5. Under a statute of this State, the service of a *scire facias* is good, though it do not appear that witnesses were present.

6. It is entirely regular to render a judgment against the personal representative of a deceased defendant at the return term of a *sci. fa.* where it has been executed fifteen days before the Court, and the representative does not appear, make himself a party and claim a continuance.

7. The act of 1839, which inhibits the rendition of a judgment at the appearance term applies only to suits commenced by original process, and consequently does not embrace the revival of suits by *scire facias.*

WRIT of error to the Circuit Court of Lowndes.

This was an action of *assumpsit* by the defendant in error as the indorsee of a promissory note against the plaintiff's intestate. The writ was returnable on the first Monday after the fourth Monday in September, 1840, and executed on the 30th of that month. The declaration is entitled of the return term of the process, is blank as to the damages alledged to have been sustained, and without being signed by counsel is subscribed thus—"Plaintiff's Attorney." It does not appear from the indorsement on the writ, or other part of the record, who is the plaintiff's attorney.

On the 15th February, 1841, a *scire facias* issued, alledging the death of the intestate, and calling upon John N. Smith, as his administrator, to shew cause why the suit should not be revived against him. This process was executed on the 18th February, and returnable at the succeeding term of the Court holden on the first Monday after the fourth Monday in March. At the return of the *scire facias*, the suit was revived against the administrator, upon the suggestion of the intestate's death, and a judgment by default rendered against him.

COOK, for the plaintiff in error, insisted that there was no sufficient declaration; that the *scire facias* was prematurely issued and was irregularly executed—and that the judgment was rendered at the return term of the *sci. fa.* within six months after the appointment of the administrator.

BOLING, for the defendant in error. The omission to insert damages in the declaration, or to sign it, it is conceived are unavailable on error. [Phillips v. Malone, Minor's Rep. 110; Wheeler et al. v. Bullard, 6 Porter's Rep. 352; Benson v. Campbell, ib. 455; Elliott v. Smith & Co. use, &c. 1 Ala. Rep. 74.] The record shows that the *scire facias* was regularly executed, and the statute authorizes the judgment to be rendered at the first term after its service, although six months from the granting of letters of administration may not have elapsed.

COLLIER, C. J.—We have no rule of Court, or statute, which makes it indispensable to a declaration that it should be signed by counsel. The fifth of the General Rules, [1 Stew. Rep. 613,] provides that "All declarations, pleas, bills, answers, assignments of error, joinders in error, briefs, &c., must be signed by counsel, where counsel is employed." It may well be questioned whether this rule is not merely directory—but even if it be imperative in its terms, it can have no influence on the case before us. It is applicable only to cases where counsel are employed, and it does not appear that the plaintiff was represented by counsel when the declaration was filed. True, the judgment recites that he came by attorney, but according all verity to this recital, and still there is nothing that informs us that the attorney was employed previous to the term when the judgment was rendered. This being the case, the paper purporting to be a declaration must be regarded as such—it is the statement of a cause of action in the plaintiff's name, and being placed on file by the Clerk of the Court in which the suit was brought, is quite as regular as if it were subscribed by the plaintiff.

The objection that the judgment is rendered for the amount due on the note sued on, with interest, although the declaration does not state the amount of damages sustained, is not available. The writ lays the damages, and this is sufficient—but if it did not, the statute prescribes the rate of interest, and that renders unnecessary the allegation of any precise sum in the record.

By an act passed in 1826, it is enacted "that the return of a sheriff that he has executed a *scire facias*, shall be sufficient, though it do not appear that witnesses were present, "and a

24

*scire facias* to the legal representatives of any plaintiff' or defendant who may have died pending the suit, may at any time issue from the office of the Clerk of the Court in which the said cause may be pending." [Aik. Dig. 280.] The act of 1802, provides that where an executor or administer has been duly served with a *scire facias* to revive a suit brought against his testator or intestate, fifteen days before the sitting of the Court, and shall neglect to become a party, the Court may render a judgment against the estate of the deceased party in the same manner as if the executor or administrator had voluntarily made himself a party. And the executor or administrator who may become a party, shall, on motion, be entitled to a continuance until the next term of the Court. [Aik. Dig. 259.] It is enacted by the act of 1806 as follows: " And to the end that the executor or administrator may have an opportunity to ascertain the situation of the estate of the testator, or intestate, no suit or action shall be commenced or sustained against such executor or administrator, in such capacity, till after the expiration of six months from the time of proving the will of the testator, or of granting letters of administration on the estate of the deceased." [Aik. Dig. 152.]

Upon looking into the record we discover that the *scire facias* was executed in conformity with the statute, more than fifteen days before the commencement of the Court.

The act of 1826, it will be seen, expressly authorized the issuance of the *sci. fa.* to revive the suit in the manner in which it was done in the present case—consequently the suggestion of the intestate's death upon the record, even after the return of the process served upon his administrator was entirely regular.

In respect to the objection that the judgment was rendered at the first term after the service of the *scire facias,* that is expressly authorized by the act of 1802, unless the administrator shall ask the Court for a continuance. The act of February, 1839, " to abolish attorneys fees in certain cases," which inhibits the rendition of a judgment at the appearance term, applies only to suits commenced by original process, in the usual mode, and consequently does not make the judgment in this case premature.

We cannot determine from the record that the judgment was

rendered within six months after the grant of administration to the plaintiff in error. If such was the case, he should have appeared in the Circuit Court, and there have made an objection to the recovery, until after the expiration of that period.

As the case is presented there is no error, and the judgment is consequently affirmed.