Hubbert v. Collier, by his next friend, &c.

HUBBERT v. COLLIER, BY HIS NEXT FRIEND, &C.

<div style="float:right">6  269<br>97  210</div>

1. Where a case, in which the amount in controversy exceeds fifty dollars, is submitted to arbitration, upon the order of a justice of the peace, under the act of 1824, if one-half of the referees sign an award, it is competent to show that some of the others who did not sign it, gave their assent to it; or if the award is so defective as not to conclude in itself the controversy submitted, can it be assisted by parol proof ?

2. Where a plaintiff, suing by a *prochein ami*, describes himself in the writ and declaration, as an infant under the age of twenty-one years, and the defendant pleads " not guilty," and " accord and satisfaction," the pleadings admit the plaintiff's infancy ; and in such case, a submission to arbitration and award not being obligatory on him, may be rejected as evidence.

3. In an action of trespass, an arbitration and award must be specially pleaded, and cannot be given in evidence under the plea of accord and satisfaction.

4. Where the defendant goes to trial without objecting that there was no replication to a special plea, he cannot be allowed to make the objection on error.

5. It cannot be objected, on error, that the declaration on which an issue has tried, was entitled of an improper term.

6. After a verdict, in an action of trespass, the defendant cannot object to the declaration, that it alleges the trespass to have been committed on a certain month, without particularizing the day.

WRIT of error to the Circuit Court of Fayette.

This was an action by the defendant in error against the plaintiff, to recover damages for an assault and battery upon his person.  The cause was tried  on the plea of *not guilty*, and *accord and satisfaction*.

The judgment entry recites, that the parties came, by their attorneys, and thereupon came a jury, &c., who were elected, &c., to try the issue joined, &c.  A verdict was returned in favor of the plaintiff for the sum of six hundred and twenty-five dollars, and a judgment was rendered accordingly.

On the trial, the defendant excepted to the ruling of the court. From the bill of exceptions, it appears that the defendant offered to read to the jury the following writing:

"The State of Alabama, Fayette county.  This day came Matthew Hubbert and Barnett Collier, sen., and Barnett Collier, jun., after having agreed to leave their dispute to referees, and

made out a particular statement, as follows: we do mutually agree that the assault and affray, by Matthew Hubbert and others, on the body of Barnett Collier, jun., each claiming damages, &c. (Signed,) MATTHEW HUBBERT, BARNETT COLLIER, BARNETT COLLIER."

"The State of Alabama, Fayette county.—Know all men, that Matthew Hubbert, Barnett Collier, jun., Barnett Collier, sen., of said county, have agreed to submit the demand of each party made of the other, to the determination of Walter Harkins, Edwin Harris, Adly Harris, William Erwin, William Cole, Andrew McAlab, Robert Logan, Charles Stewart, Daniel Ford, Zachariah Tankersly, Henry Gordon, Hugh McAlab, the report of a major part of whom being made as soon as may be, to any justice of the peace of said county, judgment thereon to be final.
(Signed,) MATTHEW HUBBERT, BARNETT COLLIER, BARNETT COLLIER."

Endorsed thus: " This day the abovementioned Matthew Hubbert, Barnett Collier, jun., and Barnett Collier, sen., appeared personally before me, and acknowledged the above instrument to be their free act. Given under my hand this the 21st day of October, 1841. (Signed.) WILLIAM J. SPARKS."

Also, endorsed thus: "The referees believe each party to be guilty, and by that, each party pay his own costs.
(Signed,) WALTER HARKINS, ADLY HARRIS, ROBERT LOGAN, WILLIAM ERWIN, HENRY GORDON, C. A. STEWART."

The reading of this paper as evidence being objected to, the defendant's counsel proposed to introduce testimony to sustain it, and also to supply its deficiencies; but the court rejected such auxiliary or explantory proof; thereupon the defendant excepted, &c.

WM. R. SMITH, for the plaintiff in error, made the following points:

1. The submission to arbitration, and the informal award thereupon made, are not writings so conclusive, that they cannot be explained or assisted by extrinsic proof. The subject matter of controversy was doubtless such as might be submitted to ar-

bitration; and as that is a mode of adjusting matters of difference much favored in law, all reasonable intendments are made in favor of awards. And the authorities very satisfactorily show, that the testimony of witnesses has been admitted to uphold the decision of arbitrators, where the written evidence was quite as defective as it is in the present case. [Clay's Dig. 51, § 7; id. 52; 1 Litt. Rep. —; Litt. Sel. Ca. 264; 2 Starkie's Ev. 136; 2 A. K. Marsh. Rep. 439; 7 Cow. Rep. 290; 13 Maine Rep. 367; 2 Bibb's Rep. 158; Watson on Arb. & Aw. 122, 131, 127, 8; 1 Bibb's Rep. 420.]

2. Conceding that an infant, or his *prochien amie*, have not the authority to submit to arbitration a case involving the rights of the former, and yet it cannot be assumed, in the present case, that the plaintiff was an infant, for the purpose of sustaining the judgment below. The question of infancy, if it was proposed to place the rejection of the evidence on that ground, should have been found affirmatively by the jury. [3 Bac. Ab. 584; 2 Stewt. & P. Rep. 130; 1 Bac. Ab. 208; 2 Strange's Rep. 937; 2 Starkie's Ev. 724; 2 Bul. N. P. 172; 1 Step. Com. 472; 3 Caines' Rep. 256; 2 Tenn. Rep. 431; 1 A. K. Marsh. Rep. 76; 5 Porter Rep. 270; 1 Metc. Rep. 559.]

4. An infant may submit to arbitration by guardian. [3 Atk. Rep. 614; 3 Caines' Rep. 256; Hardin's Rep. 323.] The case of Isaacs v. Boyd, [5 Porter's Rep. 388,] is unlike the present. There, the submission was by the next friend alone; here, the infant united with him in submitting his cause. Where an infant, especially with the advice of his friends, makes a contract which is *prima facie* beneficial, it is not void, even if it may be avoided upon plea. [3 Bac. Ab. 603–4; 3 East's Rep. 340.] Here, the submission was beneficial in prospect, and consequently the award could not be assumed to be void.

3. Although a formal issue to the first plea may not have been necessary, yet as the second is affirmative, and necessarily concludes with a verification, it could not have been tried without a replication; and the verdict and judgment cannot consequently be sustained. [9 Porter's Rep. 145; 4 Ala. Rep. 698; Hardin's Rep. 151; 1 Litt. Rep. 66; Litt. Sel. Cas. 133; 2 Pirtle's Dig. 187; Aik. Dig. 322.]

5. The declaration varies from the writ in being entitled twelve months after the appearance term, [1 Chit. Plead. 439,

673;] and besides, is not sufficiently explicit as to the time the assault and battery was committed.

HUNTINGTON, for the defendant.—1. The award, as it has been called, was not admissible under the plea of accord and satisfaction, even if the defendant below could have availed himself of it under any issue.   An *accord* is an agreement between two or more persons, where one is injured by a trespass or otherwise, to satisfy him with some recompense, and the payment thereof is a satisfaction.   [Jac. Law. Dic. Tit. Accord.]   It admits and atones for the injury, and so far, is a bar to any subsequent action.   Unlike a submission to arbitration, it presupposes no matter in *dispute;* but, on the contrary, an agreement as to the subject and amount of the compensation.   Where there is an accord and satisfaction, there is no occasion for an arbitration and award. The pleas of accord and satisfaction, and arbitrament are separate, and each defence must be made specially.   [1 Chit. Plead. 545.]

2. Entitling the declaration of a term subsequent to that at which the writ is returned, is a matter which cannot prejudice the plaintiff below.   If it was a misprison, it would be cured by the statute of amendments of 1824.   [Clay's Dig. 322, § 53.] And if entitled of the term when it was in fact filed, it is equally good.   [Jones, et al. v. Merrill, adm'r, 1 Ala. Rep. N. S. 217.] A variance between the writ and declaration is only pleadable in abatement.   [3 Ala. Rep. 154.]

3. The omission of a replication should always be objected before the trial; by consenting to submit the cause to a jury, the defendant waives such an objection, and cannot be permitted to avail himself of it, on error.   [9 Porter's Rep. 145; 3 Ala. Rep. 366; 4 id. 696.]

4. As for the sufficiency of the declaration, it cannot be successfully questioned.   It alleges the trespass to have been committed on a certain month, and this is equivalent to laying the injury on a particular day, or on divers days within that month. Be this as it may, the verdict cures the defect, if any.

COLLIER, C. J.—There are cases in which proof *aliunde* has been admitted to aid an award.   [2 Phil. Ev. C. & H.'s notes, 1030 ]   But are the defects in the writings adduced in

the present case, of such a character as can be supplied by extrinsic evidence ? The attempt of the parties to submit their controversies to arbitration, was intended to conform to the act of 1824, [Clay's Dig. 51,] though it was exceedingly informal. The second section of that statute provides that, "In all cases where the amount of the judgment rendered shall exceed fifty dollars, the same shall be returned by the referees, under their hands and seals, to either the county or circuit court of the county, in which such justice of the peace may dwell at the time of taking the agreement as aforesaid; and the court to whom the report of the referees may be made as aforesaid, shall have cognizance thereof, in the same manner, and under the same rules, as if the referees had been appointed by a rule of said court·" The submission itself contemplates a written report by a majority of the arbitrators as a warrant for the judgment of the proper court. Now, but one-half of the referees have signified their assent to the paper which is called the award. In considering the evidence offered by the defendant below, these questions suggest themselves. Does it show a state of fact from which it can be concluded that the referees have adjusted the matters in controversy between the parties, and what is their award? If defects exist in this respect, is parol evidence admissible to remove them? As the submission requires an award in writing, made by a majority of the referees, in order to make it the basis of a judgment, can it be shown that it was assented to by some of those whose names are not subscribed? These questions, we merely suggest, without stopping to consider them, as there are other grounds upon which we can rest our judgment.

2. Admitting the award to be regular in point of form, is it obligatory upon the plaintiff? It is laid down in general terms, that a party may avoid the effect of an award, by showing that he was an infant when he made the agreement of submission. [3 Phil. Ev. C. & H.'s ed. 1034, and cases there cited.] Watson, in his Treatise on Arbitration and Award, [p. 41,] says, "It is quite clear, that a submission by an infant, is either void or voidable"; and his submission will not bind him, unless he ratifies it after he attains his majority. The only doubtful question, as far as regards the infant himself, says the learned author, is, whether the submission is merely void, or voidable only—the decisions on this point being both ways. In Godfrey v. Wade, [6 J. B.

35

Moore's Rep. 488,] it appears that a cause in which an infant, by his *prochein amie*, was plaintiff, was referred by a parol agreement: the court considered it clear that the infant was not bound by the award, but directed that he should have notice of the award, and if he would not perform it, that the defendant should be at liberty to carry down the record to trial by proviso. But it has been decided that, though an infant cannot submit, his guardian or other person may submit for him, and the person submitting shall be bound by the award; the authorities upon this point are, however, somewhat contradictory. [Watson's Arb. & Aw. 41–2.]

It is argued for the plaintiff in error, that, conceding it is incompetent for an infant to bind himself by submitting his case to arbitration, the fact of infancy could only be established by the verdict of a jury affirming that such was the condition of the plaintiff below. There can be no doubt that, where the question of infancy *vel non* arises directly in judgment, but it must, on a trial at law, be determined by a jury. But in the case before us, the infancy of the plaintiff was not controverted, and the form of the pleas did not allow him to assert the fact in a replication. Both the writ and declaration describe the plaintiff as an infant under the age of twenty-one years, suing by his next friend. The pleas, without questioning the minority of the plaintiff, deny the commission of the trespass; or conceding the defendant's guilt, affirm that he has made satisfaction therefor. This we think was, at least, an implied admission of the legal incapacity of the plaintiff, considering the manner in which that question arose; and as the award was not obligatory upon the plaintiff, the submission and consequent proceedings were properly rejected. Upon this point, the case of Isaacs, by her next friend, v. Boyd, et al., [5 Porter's Rep. 388,] cannot very well be distinguished from the present in principle.

What we have said might be sufficient to show that there was no available accord and satisfaction. But grant that the submission was binding upon the plaintiff, and still the plea of accord and satisfaction would not allow it to be proved. That plea supposes that the parties had agreed upon something to be done, omitted, or rendered, in satisfaction of the cause of action sought to be enforced. Here, there has been no agreement as to the terms of adjustment; it is merely stipulated that certain per-

sons, designated by the parties, shall settle their controversies, and the decision of these persons shall be recognized as obligatory. [See 1 Saund. on Plead. & Ev. 26, *et post.*] In all actions of trespass, whether to the person, personal, or real property, matters in discharge of the action, (it is said,) must be pleaded; as accord and satisfaction, arbitrament, release, former recovery, tender of sufficient amends, and the statute of limitations. [1 Chitty's Plead. 3d Am. ed. 496; 5 Dane's Ab. 611.]

It does not appear that the defendant objected before trial, that there was no replication to his second plea; and, according to repeated decisions of this court, he cannot now allege the want of a replication, as an error, fatal to the judgment. [Abercrombie v. Mosely, 9 Porter's Rep. 145; Clark's Adm'rs v. Stoddard, Miller, & Co. 3 Ala. Rep. 366; Hall v. Dargan, 4 id. 696.]

The circuit court might, in its discretion, have permitted a declaration to have been filed, at any term subsequent to the return of the writ, and its decision could not be revised on error. [Jones, et al. v. Merrell, Adm'r, 1 Ala. Rep. N. S. 217.] Besides, the defendant, by pretermitting an objection to the declaration in the primary court, must be understood to have consented to go to trial upon the one in file.

In the action of trespass, time is not material, and the plaintiff may prove that the act complained of, was committed on a day anterior to that alleged. Whether a declaration is demurrable for not stating the trespass was committed on a *day certain*, we will not stop to inquire. After verdict, we are quite sure the allegation, that it was committed on a certain month, without particularizing the day, is sufficiently specific.

It results from this view, that the judgment of the circuit court must be affirmed.