## BANCROFT, ADM'R, &c. ET AL. v. STANTON, Jr.

1. Where in a cause removed by appeal from a justice of the peace, the judgment of the County Court recited, that the parties came by their attorneys, and thereupon came a jury, &c., who returned a verdict for the plaintiff, the absence of the statement of the cause of action, a plea and issue, furnish no ground for the reversal of the judgment.

2. Where a contract in writing professes to be sealed by the obligors, although they have omitted to affix their seals, yet by the act of 1839, it will be held to be a sealed instrument.

3. If an appeal bond recites the time when a judgment was rendered, its amount, &c., that the defendant had prayed an appeal to the " *next County Court*," is itself dated, and in other respects conformable to the statute, it will be sufficient, though the time when the Court sits is not stated.

4. A judgment *nunc pro tunc* may be rendered against the surety in an appeal bond, at a term subsequent to that at which a recovery was had against the appellant; and the judgment against the appellant, together with the appeal bond, will be sufficient to authorize such a judgment against the surety.

5. A judgment was rendered against the appellant, (who was administrator,) *de bonis intestatis;* at a subsequent term a judgment was rendered against his surety for the appeal, and execution directed against both : *Held*, that the entries only authorized one execution, *de bonis intestatis* as to the principal, and *de bonis propriis, &c.*, as to the surety ; that if the judgment as to the surety was erroneous, the error was at most a mere clerical misprision, amendable in this Court, under the statute, at the cost of the plaintiffs in error.

6. As a general rule, it is not allowable to join in the same action an administrator with one chargeable on his own account, but this rule has never been applied, so as to prevent the rendition of a judgment under the statute, against an appellant and his surety, though the former was an executor or administrator.

7. Where an administrator who is made a defendant, *pendente lite*, does not claim a continuance, but goes to trial, and a verdict and judgment are rendered against him, he cannot object on error, that the cause was tried within six months after the grant of administration.

8. After verdict and judgment, it is not competent for a party to object on error, that the notice by which he was brought into Court, or the orders of continuance previous to trial, were irregular.

Writ of error to the County Court of Mobile.

THIS cause originated before a justice of the peace at the instance of the defendant in error, to recover, as the summons recites, of Henry W. Horn, "a debt, or other demand, not exceeding fifty dollars." We find in the transcript a paper purporting to be an appeal bond, subscribed by Horn and Hugh McCaw, but without any scrawl or other substitute for a seal. This writing is dated on the 20th September, 1843, and recites in the condition, that Horn had prayed, and obtained, an appeal to the County Court of Mobile, at the admiralty term of 1843, from a judgment rendered on the 16th September, of that year, for thirty-one 25-100 dollars, debt, besides costs of suit. The transcript shows that the cause was continued, in July, 1843, for want of notice of the appeal; in November, the defendant's death was suggested; on fourth December again continued, and on the 22d of the same month, a *scire facias* was directed to issue to Bancroft, his administrator. A paper purporting to be a *scire facias*, was issued, and served on Bancroft, on the 11th January, 1844, returnable on the third Monday of that month; and upon its return, Bancroft, as administrator, was made a defendant, and the cause continued. An entry then appears, dated the 5th of February, 1844, reciting that the Court met pursuant to law; then follows a judgment, which states that the parties came, by their attorneys, and also, came a jury, &c , who assess the plaintiff's damages to thirty-two 50-100 dollars. It is considered, by the Court, that the plaintiff recover, &c., to be levied *de bonis intestatis*.

After several continuances of a motion, so to amend the judgment as to render it *nunc pro tunc* against Hugh McCaw, as the security for the appeal, on the 6th of May the motion was granted, and a judgment then rendered against him, as of the fifth of February, 1844, for the same amount as the judgment against the administrator.

On the 6th of May, a motion was made, and continued, to set aside the judgment, on the ground of surprise, and because it was rendered against Bancroft before the expiration of six months from the time of his appointment as administrator. On the 20th of the same month, the motion was denied, and execution directed to issue against both Bancroft and McCaw, who now join in a writ of error.

G. N. STEWART, for the plaintiffs in error, made the following points: 1. There was no issue for the jury to try, and there is nothing in the record to sustain the judgment against Bancroft. 2. The writing intended for the appeal bond has no seal, and the condition, when taken in reference to the date, is contradictory. 3. Notice was not given to McCaw of the judgment *nunc pro tunc*, and there is nothing in the record to warrant such a judgment. 4. The judgments against the plaintiffs in error are several, yet in the order denying the motion to set them aside, an execution is awarded against them jointly. 5. There could be no judgment against Bancroft and McCaw jointly; consequently the entry *nunc pro tunc*, against the latter, was irregular. 6. That the judgment against Bancroft was rendered in les than six months after he was appointed administrator.

No counsel appeared for the defendant.

COLLIER, C. J.—In Castleberry v. Pearce, 2 Stewt. & P. Rep. 141, the defendant moved in arrest of judgment, that although the jury had returned a verdict, the record did not show that an issue had been joined, or any plea interposed by the defendant. This Court held, that, as the judgment recited that the jury were sworn to try an issue, they would intend that the pleadings had been regularly made up, and lost from the papers, as the opposite conclusion would falsify the record. In Wheeler, et al. v. Bullard, 6 Porter's Rep. 352, we determined, that after verdict upon an issue tried, or judgment, or plea, withdrawn, the defendant could not, on error, insist upon the want of a declaration, but it would be presumed that a declaration was dispensed with by the parties, or that it was lost after judgment. [See Benson v. Campbell, 6 Porter's Rep. 455; Napper v. Noland, 9 Id. 218; Price, et al. v. Chevers, Id. 511; Elliott v. Smith & Co., use, &c., 1 Ala. Rep. 74; Ware v. Todd, Id. 199.]

So where the judgment recited, that the parties came by their attorneys, "and thereupon came a jury, &c., who, on their oaths, do say," &c. it will be inferred, either that a proper issue was tried, or the plea was waived, although none appeared in the record. [Lucas v. Hitchcock, 2 Ala. Rep. 287.] To the

45

same effect are Clark's Adm'rs v. Stoddard, Miller & Co. 3 Ala. Rep. 366; Bethea v. McCall, Id. 449.

In the present case, the judgment recites the appearance of the parties by their attorneys, and the submission of the cause to a jury, who found a verdict for a definite sum in damages. In this condition of the record, the cases cited show that the absence of a statement of the plaintiff's cause of action, a plea and issue, furnish no ground for the reversal of the judgment.

By the act of 1839, it is declared, that "All covenants, conveyances, and all contracts in writing, which import on. their face to be under seal, shall be taken, deemed, and held, to be sealed instruments, and shall have the same effect as if the seal of the party, or parties, were affixed thereto, whether there be a scrawl to the name of such party, or parties, or not." [Clay's Dig. 158, § 41.] The writing intended as an appeal bond, professes to be sealed with the seals of the appellant and his surety, and, being a contract in writing, must, according to the act cited, be regarded as a bond. It is dated the 20th of September, 1843, recites that the judgment was rendered on the 16th of the same month, in favor of the plaintiff, its amount, &c., and that the intestate had appealed to the next County Court, in Mobile county, at the admiralty term, 1843. There is a statute which requires appeals from justices of the peace, in that county, to be made to the terms for the trial of admiralty cases, (as they are called,) and although there are more terms than one holden in the year, yet the recital that the appeal is to the "next" Court, is sufficiently definite to indicate when it is to be returned. The condition of the bond, is in terms, equivalent to those prescribed by the statute, which requires it to be executed, as a condition on which the appeal is allowed. [Clay's Dig. 314, § 9; see, also, *Ex parte* Weissinger and Crook, at this term.]

In Brown v. Bartlett, 2 Ala, Rep. 29, it was held that an amendment of a judgment might be made at a term subsequent to its rendition, if there is evidence of record to authorize it. And in a previous decision, where a judgment had been rendered in blank, as to the amount, an amendment was permitted after the lapse of seven years. [Wilkerson v. Goldthwaite, 1 Stewt. & P. Rep. 159.] So in Allen and Dean v. Bradford and Shotwell, 3 Ala. Rep. 281, it was determined

that a judgment may be amended *nunc pro tunc,* although no execution has issued on the original judgment, within a year and a day from its rendition. *Further,* that a judgment *nunc pro tunc,* may be entered without notice to the opposite party. [See, also, Fuqua and Hewitt v. Carriel and Martin, Minor's Rep. 170 ; Clemens v. Judson and Banks, Id. 395 ; Thompson v. Miller, 2 Stewart's Rep. 470 ; Draughan and others v. The Tombeckbee Bank, 1 Stewart's Rep. 66 ; Mays, et al. v. Hassell, Adm'r, 4 Stewt. & P. Rep. 222.]

In the case at bar, the verdict and judgment against Bancroft, were sufficient evidence to authorize the County Court to render judgment against the surety in the appeal bond. The liability of the latter, was a consequence of the judgment against the administrator of his principal, and this judgment, together with the bond, was all that can be required to sustain the action of the Court below. If the bond was a forgery, it is possible that Court could arrest proceedings on the judgment; but be this as it may, the surety would not be remediless.

The judgment against McCaw, is certainly not very technical, yet it clearly shows, when taken in connection with the order made to set aside the judgment, both as to Bancroft and himself, that the Court intended to make them both liable to pay the amount of the verdict and costs ; the one *de bonis intestatis,* the other *de bonis propriis,* &c. This, though informally, is, substantially, expressed by the order for the execution, acting upon the previous entries. The intention being apparent, if the execution had issued against the plaintiffs in error, separately, all injury might have been prevented by a *supersedeas ;* and if there be an error in the entries as to the surety, it is at most a mere clerical misprision, amendable under the statute, at the cost of the plaintiffs in error. [Dearing, Sink & Co. v. Smith & Wright, 4 Ala. Rep. 432.]

It may be stated generally, that it is not allowable to join in the same action, an executor, or administrator, with one chargeable on his own account. But this rule, has never been applied to a case like the present. Here the surety is not joined with the administrator, but his liability is consequential, depending upon the fact, whether his principal is successful in the prosecution of the appeal ; if he fails, the terms of the bond fix

the liability of the surety, and the statute declares that judgment shall be rendered against both of them, and execution issue against both, or either of them. [Clay's Dig. 315, § 11.] The fact that the appellant died, pending the appeal, and his administrator was made a party in his stead, cannot make a different rule applicable.

Bancroft cannot be heard to alledge that a judgment was rendered against him within six months after he became administrator. By submitting to a trial by jury, he waived the right to continue, and he cannot now set aside the judgment, that he may avail himself of it. [Farley's Adm'r v. Nelson, 4 Ala. Rep. 183.] The order for a notice to the appellee, being dated previous to the removal of the cause to the County Court, can't affect the judgment of the Court; if necessary we would intend that the date was incorrectly stated. It may be said, however, both in respect to this and the other orders, previous to the trial, that they were all cured by the appearance of the defendant, and the verdict and judgment.

Our conclusion, from a view of all the points presented, is, that the judgment must be affirmed.