## GLASS *vs*. GLASS.

1.   A judgment may be rendered *nunc pro tunc*, on motion, without notice to
       the defendant.
2.   Under the act establishing Courts of Probate, the Circuit Court has power
       to make amendments *nunc pro tunc* of the judgments of the County Court,
       in causes transferred to the former court under that act.
3.   A judgment may be rendered *nunc pro tunc* and revived by *scire facias*
       at the same term; and there is no  impropriety in uniting a notice of the
       motion to amend in the *sci. fa.* to revive.
4.   When the minute entry recites that it was made to appear to the court
       that a judgment had been duly rendered, which the clerk had omitted to
       enter, it will be presumed, on error, that it was made to appear by sufficient
       legal evidence ; if the evidence was insufficient, the defendant must show it
       by bill of exceptions.

ERROR to the Circuit Court of Marengo.

Tried before the Hon. GEORGE D. SHORTRIDGE.

MOTION for  a summary judgment.    The first paper in the
record is a notice of motion for a summary  judgment, by Wil-
liamson Glass against Zachariah Glass,  at  the March term,

1847, of the County Court of Marengo, for the sum of $150, which, as said notice alleges, said Williamson Glass had paid, in part satisfaction of a judgment rendered in the County Court of Marengo, in favor of one Browning, against said Zachariah and Williamson Glass, on a note for $136 31, executed by said Zachariah as principal, and said Williamson as his surety. The motion itself is next copied in the record, and underneath it are these words : " Service proved. Judgment for amount paid, and interest thereon" ; and opposite to these words, on the margin of the transcript, is written, " Memo. *per curia* on motion docket."

The next paper in the record is entitled " motion to revive and render judgment *nunc pro tunc*," in the Circuit Court, at its Spring term, 1851. This motion recites, that a motion was made to render judgment in favor of said Williamson Glass against Zachariah Glass, which motion was duly granted by the court in the lifetime of said Williamson ; that the clerk had failed to enter up said judgment ; that said Williamson had since departed this life, and that Jonathan Glass had been duly appointed his executor ; and thereupon " said Jonathan Glass, executor as aforesaid, moves the court to be made a party to the said original motion, and that the said judgment be, according to the previous order of the court, entered up *nunc pro tunc*, and that the same be and stand revived in the name of said Jonathan Glass, executor as aforesaid." The next two entries show, that this motion was continued at the Spring and Fall terms, 1851, of the Circuit Court. At the Spring term, 1852, the minute entry is " Notice ordered, and cause continued" ; and after this appears a notice, which sets out, at length, the motion made at the previous Spring term, and notifies the defendant to appear at the next term, and contest the said motion, if he thinks proper.

At the Fall term, 1852, a judgment was rendered on this motion, in which it is recited, that it was made to appear, to the satisfaction of the court, that the defendant had had due notice of the motion; that said Williamson Glass, at the March term, 1847, of the County Court of Marengo, made a motion for a summary judgment against Zachariah Glass, for $150, paid by him as surety of said Zachariah, which said motion was duly granted ; that the clerk wholly failed to enter

of record .said judgment on the motion aforesaid ; that Williamson Glass has departed this life, and said Jonathan Glass has been duly appointed his executor; " Therefore, it is considered by the court, that the judgment aforesaid be and stand revived in the name of said Jonathan Glass, executor as aforesaid ; that said Jonathan, executor as aforesaid, recover of said Zachariah Glass, now, as of the term of said County Court held on the third Monday in March, 1847, the sum of $211 20, the amount of the judgment aforesaid," &c.

The errors assigned are, first, " that the notice issued from the Circuit Court does not set.out the original motion in the County Court, upon which the judgment of the court is predicated, but sets-out one as made in the Circuit Court" ; second, " that the motion in the Circuit Court was discontinued, by the plaintiff's failing to issue any notice to the defendant until after two terms had elapsed" ; third, " that said motion was the commencement of a suit for the revival of a former motion, and the court erred in rendering judgment at the first term after service of the motion" ; fourth, that the Circuit Court had no jurisdiction, under the act establishing Courts of Probate, or under any other act, to enter up judgment *nunc pro tunc* on motions made in the County Court; fifth, that the court erred in entering judgment against the plaintiff in error on the facts set out in the record, " as it does not show that the judge of the County Court made the entry on the motion docket."

WILLIAM M. BYRD, for plaintiff in error.

CHILTON, C. J.—1. It is objected, that the notice in this case is defective, in failing to set out the original motion made in the County Court. This objection, however, cannot prevail, as the motion in the Circuit Court is to amend the judgment rendered by the County Court *nunc pro tunc*, and so far as this amendment is concerned, no notice is necessary.—Allen & Deane v. Bradford & Shotwell, 3 Ala. 281.

2. Neither do we entertain any doubt, that a proper construction of the act of 1849–50, establishing Courts of Probate, &c. (see Pamphlet Acts 35), authorizes the Circuit Court, to which the papers &c. in the cause have been transferred, to make amendments *nunc pro tunc* of the judgments of the County

Court, whose jurisdiction over the cause, by said act, is transferred to the Circuit Courts respectively.

3. The motion in the Circuit Court is in the nature of a *scire facias* to revive the judgment, which it was also proposed to have entered *nunc pro tunc*, in the name of Jonathan Glass, the executor of Williamson, who had departed this life since the rendition of the imperfect judgment by the County Court. We think there was no impropriety in uniting with the *scire facias* to revive a notice of the motion to amend. The two motions, if the court be so inclined, may be taken up and disposed of together; and we are aware of no rule of practice, which forbids that the party should have a judgment of revivor at the same term to which his *scire facias* is made returnable.

4. As to the objection, that the facts did not warrant the amendment, we have only to say, that the entry shows it was made to appear to the court that a judgment had been duly rendered by the County Court, which the clerk had omitted to enter. We must intend that it was made to appear by the proper evidence: it may have been by the entry of the judge on the motion docket in response to the motion, which has several times been held sufficient to amend by. If the evidence had been insufficient, the defendant could, and ought to have shown it by bill of exceptions.—3 Ala. 281, and cases cited; Harris v. Bradford, 4 Ala. 215.

5. It is insisted by the counsel for the plaintiff in error, that the motion to amend and revive was discontinued by failing to prosecute it until two terms had elapsed from the term at which it was submitted. The record, however, shows it was regularly continued from term to term down to the time of trial.

We perceive no error in the record.

Let the judgment be affirmed.