ANDREW J. HOPKINS, *et al.*, v. JENNIE W. COTHRAN.

1. PLEADINGS, *Filed out of Time, and Without Leave, a Nullity*. An amended answer filed out of time, without leave of the court or judge, and without the consent of the plaintiff, may be treated as a nullity by the court and counsel.

2. ———— *Waiver of Reply*. In an action on a note and mortgage the issues were all made up and completed by the due filing of a petition, answer and reply. Afterward defendants, with leave of the court, filed an amended answer; but there was no record or entry made showing that the defendants had any such leave; and therefore, so far as the record of the case showed, the amended answer was filed without leave and was a nullity. This amended answer set forth matter not pleaded in any of the former pleadings, which new matter needed a reply to put it in issue. No such reply however was filed. Afterward the parties went to trial and tried the case as though said amended answer had been properly filed, and as though all the allegations thereof had been properly put in issue by a reply. The jury found in favor of the plaintiff and against the defendants, and judgment was rendered accordingly. The defendants then brought the

case to the supreme court on petition in error. Afterward the defendants procured an order of the district court making an entry *nunc pro tunc* showing that defendants had in fact leave to file said amended answer at the time it was filed. The defendants then asked leave of the supreme court to have the transcript which had been filed with the petition in error, amended, by incorporating into it said *nunc pro tunc* entry, and by making said *nunc pro tunc* entry a part of the transcript; and defendants then asked to have the judgment of the court below reversed because said amended answer was not replied to: *Held,* That the said amendment may be considered as made, but that the judgment of the court below will not be reversed because of a want of said reply; that under the circumstances of this case it will be considered that a reply to the amended answer was waived.

### *Error from Shawnee District Court.*

FORECLOSURE of mortgage, brought by *Cothran* against *Hopkins* and wife. Amount of principal debt claimed, $4,200. Defense, usury to amount of $275. The answer was due and was filed 7th November 1873. Reply filed, 8th November. An amended answer was filed 6th January 1874. Trial, and judgment for plaintiff, at June Term 1874 of the district court. The case was brought here on error by defendants *Hopkins* and *Hopkins*. The subsequent proceedings in the district court, and in this court, are stated in the second opinion, *infra.* Two opinions were written and filed, both of which are printed herewith.

*Guthrie & Brown,* for plaintiffs in error.

*Clemens & Rossington,* for defendant in error.

### FIRST OPINION.

The opinion of the court was delivered by

VALENTINE, J.: About the only thing complained of in this case is, that the court below did not give sufficient attention to the amended answer of the defendants below, plaintiffs in error. Now when this amended answer was filed the case stood upon petition, answer, and reply, and the time for filing an answer had long previously passed. The amended answer appears to have been filed out of time, without leave of the

court or judge, and without the consent of the plaintiff. It was therefore proper for said court and judge to treat said amended answer as a nullity. (*Luke v. Johnnycake*, 9 Kas. 511.) We think no error was committed by the court below. Certainly none is shown by the record brought to this court.

The judgment of the court below is affirmed.

All the Justices concurring.

### SECOND OPINION.

VALENTINE, J.: It seems that after this case had been brought to this court the plaintiffs in error discovered that the record of the proceedings of the court below (a copy of which they filed with their petition in error in this court,) did not show that they had any right or authority to file their said amended answer in the court below. They therefore applied to the court below, and on their motion obtained an order from that court directing an entry *nunc pro tunc* of an order showing that they had obtained leave of the court below to file said amended answer at the time they in fact did file it. They then brought a copy of said *nunc pro tunc* entry to this court, and moved this court for leave to amend their original transcript by incorporating this *nunc pro tunc* entry into it and making it a part thereof. This motion was taken under advisement by the court. The parties then submitted the entire case to the court for decision on its merits, and the court took the whole case under advisement. Afterward, when the court came to consider the case it entirely overlooked the motion of the plaintiffs in error to amend their original transcript, and considered the case without examining said *nunc pro tunc* entry. We shall now reconsider the case, and shall consider it as though said *nunc pro tunc* entry were in fact incorporated into the original transcript and constituted a part thereof. And therefore we shall consider the case as though the plaintiffs in error, defendants below, had full authority to file their said amended answer at the time they filed it. And taking this view of the case, did the court below commit any error? The petition showed

that the note and mortgage were executed for the sum of $4,200, with interest at the rate of 12 per cent. per annum, and a stipulation for $400 as attorney-fees in case of foreclosure. The amended answer admitted the execution of the note and mortgage as alleged in the petition, but it alleged that $275 of the said sum of $4,200 was for usurious interest. This was the only new matter alleged in the amended answer, and therefore the only matter alleged therein that needed a reply to put it in issue. No reply was however filed to the amended answer. After said amended answer was filed the defendants below moved the court for judgment upon the pleadings; but upon what grounds this motion was made, is not shown. It could not have been made upon the ground however that no reply was filed to said amended answer; for, ignoring everything but the petition and amended answer, and upon these pleadings alone the defendants were not entitled to judgment, but on the contrary the plaintiff below was entitled to a judgment for $3,925 principal, with interest, and $400 attorney-fees, and costs, and for a sale of the mortgaged property, etc. It will be remembered that the original answer was replied to. Said motion was overruled, and no exception was taken thereto. The case was then submitted to a jury for trial. What the evidence was we cannot tell, for none of it seems to have been preserved, and no question seems to have been raised upon its introduction. From the instructions however, given and refused, and the defendants' motion for a new trial, we would infer that the sole question litigated before the jury was whether the defendants received $3,925, or $4,000, as the consideration for their said note and mortgage. The sole contest before the jury seems to have been whether $75 of the amount included in said note and mortgage was for usurious interest or not. Now this question could be raised before the jury only by the said amended answer, and a supposed reply thereto. No other pleadings raised it. The amended answer set forth that $275 of the amount included in the said note and mortgage was for usurious interest. But it would seem that on the trial plaintiff

admitted that $200 of that amount was for usurious interest, and therefore contested with the defendant only as to whether the other $75 of that amount was for usurious interest. The court instructed the jury among other things as follows:

"The plaintiff claims the consideration to have been.$4,000. The defendants claim that it was $3,925. The only question for you to decide is, how much did defendants receive as the consideration for said note? *When you decide that from the evidence,* you will find your verdict for the plaintiff for that amount, with interest from the date of the note at the rate of 12 per cent. per annum, to which you will add the sum of $400 as attorney-fees, and find that the plaintiff has a lien on the land for that amount."

No exception was taken to this instruction, nor indeed to any instruction given by the court. And the record does not affirmatively show that all the instructions given have been brought to this court. The defendants asked to have certain instructions given. These instructions show beyond all question that the defendants considered that all the allegations of their amended answer were in issue. These instructions were refused, and the defendants excepted. This is the first exception taken by the defendants below, plaintiffs in error. Whether these instructions should have been given or not, we can hardly tell. We are inclined to think that the substance of them, as far as they stated the law of the case, was embodied in the instructions already given. But further than this: none of the evidence in the case is brought to this court. (*Ed. Assoc. v. Hitchcock,* 4 Kas. 36; *Auld v. Kimberlin,* 7 Kas. 601; *Leroy v. McConnell,* 8 Kas. 273; *The State v. Herold,* 9 Kas. 200.) And we are not informed affirmatively that all the instructions given are contained in the record. So far as we have the means of determining, we should think that the court below did not err in refusing said instructions.

The jury found a verdict in favor of the plaintiff and against the defendants for $5,026.66. This sum is composed of $4,000 received by the defendants as the consideration for said note and mortgage, $626.66 interest

thereon, and $400 attorney-fees. This sum is just $75, with interest thereon, more than the defendants virtually admitted to be due to the plaintiff by their pleadings. The defendants then moved the court for a new trial upon the following grounds, to-wit: "1st, The refusal of the court to render judgment for the defendants on the pleadings; 2d, Error in giving instructions; 3d, Error in refusing instructions; 4th, The jury erred in finding for the plaintiff; 5th, The verdict of the jury is excessive." We have already considered the first, second, and third of the above-named grounds, and find no error. The fourth and fifth grounds yet remain to be considered. These go to the finding of the jury. Now whether the jury erred or not in their findings, we cannot tell, for we do not · know what the evidence was. The court below overruled the motion for a new trial, and the defendants excepted. This is the second and last exception taken by defendants below. We do not think that the court erred in overruling said motion for a new trial. The court below then rendered judgment upon the verdict of the jury, and in accordance with the verdict. We do not think the court erred in this. The only ground upon which plaintiffs in error can make the slightest claim of error is that the verdict and judgment were for $75 and for interest thereon greater than they ought to have been, but the question whether the defendants received that $75, and whether they should pay the same back to the plaintiff with interest, was fairly submitted to the jury, and the jury found against them. The only answer to this that plaintiffs in error could make is, that this question should not have been submitted to the jury; that the defendants' amended answer alleged that said $75 (along with $200 more for which verdict and judgment were not rendered) was never received by defendants, but was merely usurious interest, and that said amended answer was not replied to. Now it is true that said amended answer was not replied to, but still the case was tried in every respect the same as it would have been tried if a reply had been filed to the amended answer;

and therefore we think the defendants waived a reply. (*Wilson v. Fuller*, 9 Kas. 177, 189, 190; *Clement v. Hayden*, 4 Penn. St. 138; *Hubbert v. Collier*, 6 Ala. 269; *Clark v. Stoddard*, 3 Ala. 366; *Tyson v. Richard*, 3 Harris & J. 109.) The attention of the court below was at no time specifically called to the fact that no reply had been filed to the amended answer. And there is nothing in the whole case that shows that the plaintiff ever knew, until said *nunc pro tunc* entry was made, that said amended answer was filed with leave of the court, or that it had any force or validity as against the will or wishes of the plaintiff. At the time of the trial the amended answer appeared, so far as the record shows, to have been a nullity. And possibly the plaintiff may have thought that by going to trial as though the amended answer was not a nullity she herself was doing all the waiving of rights that was done in the case. And now under all the circumstances of this case, would it be fair to say that the plaintiff was bound to know that said amended answer had force and validity, although from the record it appeared to be a nullity, and that she was bound to reply to the same or be treated by the supreme court as in default when she was not treated so in the district court either by the court or the defendants? And would it be fair, after the defendants have taken the chances of a trial upon the truth of the allegations of their said amended answer, that they should now be allowed to raise the question for the first time in the supreme court that no reply had been filed to such answer? As the court below allowed the defendants to file an amended answer out of time, without any showing, and without any terms being imposed, the court would undoubtedly have allowed the plaintiff at any time to file a reply thereto upon a bare suggestion of its necessity to put the allegations of the amended answer in issue. If it be claimed however that this suggestion should have come from the plaintiff, then it may be answered that there is nothing in the record that shows that the plaintiff ever knew that said amended answer had any validity until said *nunc pro tunc* entry was made long after trial and judg-

ment. We think under all the circumstances that the suggestion of a necessity for a reply should have come from the defendants; and as it did not, that the defendants waived the reply.

The judgment of the court below will therefore be affirmed.

All the Justices concurring.