| 67 | 333 |
| 95 | 562 |

| 67 | 333 |
| 123 | 431 |
| 124 | 610 |

# Nabers' Adm'r v. Meredith et al.

## Motion to Amend Judgment Nunc Pro Tunc.

1. *Nunc pro tunc; judgments amended without notice.*—The practice of permitting judgments to be amended, *nunc pro tunc*, without notice, is established in this State.

2. *Same; judgment amended so as to show amount.*—When, in a suit on a promissory note, which was properly described in the complaint, a judgment was rendered by default, and the docket of the presiding judge showed this fact, the omission to state the amount of the damages is a mere clerical error, its amendment is a ministerial act, and was allowable at common law, even before the statute of Jeofails.

3. *Same; effect of amending judgments, and what amendments permissible.* Judgments are amended *nunc pro tunc*, merely to supply matters of record evidence, not to modify or introduce new facts, and, except as to rights of third persons, are retrospective, and are enforced in the same manner, and to the same extent, as if entered at the time the judgment was originally rendered, so that the right is not affected by the death of a party, or by the fact that the plaintiff in the motion, who was administrator of the plaintiff's estate, had been appointed administrator on the estate of one of the defendants.

4. *Same; statute of limitations does not run against amendments made.*—At common law, the period within which judgments might be amended *nunc pro tunc*, was not limited, and, under our statutes, the right can not be barred before the expiration of twenty years, the time allowed for reviving judgments by *scire facias.*

APPEAL from Shelby Circuit Court.

Tried before Hon. J. E. COBB.

On the 12th day of October, 1877, a motion was made in the Circuit Court of Shelby county by French Nabers, as administrator of the estate of James A. Meredith, against Jerusha Meredith, R. Wood, D. Y. Wyatt, G. E. Harrall, and T. F. Wilson, to amend, *nunc pro tunc*, a judgment rendered at the fall term, 1867, of said court, so as to insert therein the specific amount for which the judgment was recovered. On the hearing it appeared that the suit in which the judgment was rendered was founded on a promissory note, which was described in the complaint. On the judge's trial docket there was this entry, in the handwriting of the presiding judge, viz : "Assumpsit, judgment by default for plaintiff." Several executions, which had been issued on the judgment, were introduced in evidence, and portions of the execution docket were read in evidence, all of which showed

the amount for which the judgment had been recovered. It was suggested to the court, by Messrs. Cobb, Wilson & Wilson, as *amici curiæ*, that T. F. Wilson, one of the defendants, was dead, and that the movant, F. Nabers, was the administrator of his estate, which fact was admitted to be true. It was also suggested that no service of process was ever made in the original suit on Wyatt, one of the defendants, and that no notice of the motion had been served on any of the defendants. The court denied the motion to amend, and the movant excepted, and assigns this action of the court as error.

HARGROVE & LEWIS, for appellant.—If the clerk omits to insert the amount recovered in entering up a judgment, it may afterwards be amended, *nunc pro tunc,* and the amount inserted.—*Wilkinson v. Goldthwaite,* 1 S. & P. 159. The record in the case just cited is identical with that shown in this case, except that thirty-five years had elapsed in that case, before the amendment was made. Three judgments had been issued on this judgment, and that was sufficient to keep it alive.—3 Ala. 281 ; Freeman on Judgments, 56. A judgment *nunc pro tunc,* may be entered without notice to the opposite party.—1 Brick. Dig. 72, 18. The fact that one of the defendants had died after the rendition of the judgment, and that one of them was not served with process in the original suit, could not affect the motion.—Freeman on Judgments, 67-8.

WATTS & SONS, for appellees.—The motion being made by French Nabers, as administrator of Meredith, who was also appointed administrator of one of the defendants, who died after the rendition of the judgment, it is in legal effect a motion made by him as administrator of one estate, against himself, as administrator of another estate. To grant such a motion would be to mar the well settled principles of pleading. When Nabers was appointed administrator of Wilson's estate, the law presumes that he paid to himself what was due him as administrator of Meredith, and the judgment was thus satisfied, when this motion was made. Only record evidence could authorize the insertion of the amount of the judgment. The presiding judge did not state the amount in the entry which he made on his trial docket, and the note on file was not record evidence. If the question was simply one of calculating the amount due on the notes, the clerk could have done this, and there was no need of any action by the court. In any aspect of the case, the motion was properly refused. If the judgment be ren-

[Nabers' Adm'r v. Meredith et al.]

dered now, it must be entered against a dead man. How, then, can execution issue? Against him? or against his administrator, who is the plaintiff in this motion?

SOMERVILLE, J.—The practice in this State has been too long and firmly established to be now disturbed, permitting judgments *nunc pro tunc* to be entered without requiring notice to be given to the opposite party. No injustice can result from this rule, for the reason that such amendments are always allowed on some entry or memorandum, which is to be determined from an inspection of the court records, and can not be contradicted or gainsaid by proof of extraneous parol facts. The court erred in refusing to grant the motion for want of notice.—*Glass v. Glass*, 24 Ala. 468; *Allen v. Bradford*, 3 Ala. 281; *Bently v. Wright, Ib.* 607; *Fugur v. Carroll*, Minor, 170; Freeman on Judg. § 64.

The facts appearing on the record authorized the amendment. The suit was on a note of hand properly described in the complaint, and the docket of the court contained a memorandum in the hand-writing of the presiding judge, which showed the rendition of a judgment by default in favor of the appellant against the defendants in the judgment. The omission of the amount of damages was a mere clerical mistake, and its insertion a purely ministerial act, such as was always amendable at common law, regardless of any power conferred by the statute of·*Jeofails*.—*Wilkerson v. Goldthwaite*, 1 Stew. & Port. 159.

The right to amend *nunc pro tunc* was not affected by the death of one of the defendants in the judgment, or by the fact that the plaintiff in the judgment had been appointed administrator of the estate of another of the defendants since the date of rendition. Except as to the rights of third parties, all such amendments are retrospective, and are everywhere regarded and enforced exactly in the same manner, and to the same extent, as if entered at the time the judgment was originally rendered or taken. The granting of such motions is merely to supply matters of *record evidence*, and not to modify or introduce new matters of *fact*.—Freeman on Judg. §§ 66-68; *Allen v. Bradford*, 3 Ala. 281; Powell on Appel. Proc. p. 57, § 34.

It was no legal objection to the motion that over ten years had been permitted to elapse since the original rendition of the judgment. The period within which the power to make such amendments could be successfully invoked at common law was never limited, and, under our statutes, would not be less than the period of time allowed for a judgment to be

revived by *scire facias*, which is twenty years.—Code (1876), § 3175; Freeman on Judg. § 56; Dan. Chan. Proc. 1219.

The judgment of the Circuit Court is reversed and the cause remanded.