## BLISS *vs.* WATKINS.

1. Where judgments are rendered on the same day, in favor of different plaintiffs, neither is entitled to priority on the ground of *lien;* but if one of the plaintiffs first sues out execution and proceeds to a levy and sale of the land of the defendant, he will gain a preference over the *other*, by reason of his superior diligence, and must be first satisfied, notwithstanding the *other* may have placed his execution in the hands of the sheriff before the sale.
2. Whether a sheriff, who has levied on and advertised property under one execution, can sell under another, which has not been levied— QUERE?

Error to the Circuit Court of Sumter. Tried before the Hon. Samuel Chapman.

IN this case an application was made to the court by the sheriff of Sumter, for direction as to the appropriation of a sum of money in his hands, raised by sale under execution of the land of one Blake Little. The several judgment creditors ap-

peared, and submitted their respective claims to the judgment of the court, on an agreed state of facts, which, so far as they are necessary to a correct understanding of the point now involved, may be thus stated: The plaintiff and defendant respectively obtained judgments against said Little in the Circuit Court of Sumter, on the 8th May 1848, on each of which *fi. fas.* issued on the 1st June thereafter: The defendant's *fi. fa.* was placed in the hands of the sheriff on the 12th of June, and on the 29th of that month levied on the land of Little; and under this levy, and that of several other executions, the land was sold on the second Monday in October, and the money raised, which is the subject of this controversy. The plaintiff's *fi. fa.* was handed to himself, and never delivered to the sheriff, until the day the land was sold.

The court, after ordering satisfaction of other *fi. fas.* which, in its opinion, held liens superior to the lien of either plaintiff or defendant in error, awarded the priority to the lien of the defendant over that of the plaintiff, to which the latter excepted, and which he now assigns as error.

BALDWIN, for plaintiff:

If the claim of Russell, involved in this same case, to have the money applied to his execution, be allowed, as it seems to me it must, then this claim is without foundation. If that claim is disallowed, then we submit that our claim is unquestionable, to at least our proportion of the money—our lien on the land, out of the sale of which the money was raised, bearing the same date, and being equal to Watkins'. The fact that Bliss had other security is nothing, (Cocke v. Chaney, 14 Ala. 66,) certainly not in a court of law.

J. B. CLARK, for defendant:

1. A sheriff who advertises for sale on but one execution cannot sell under that and another execution coming subsequently to his hands, by virtue of the same advertisement.— Martcraft v. Van Antwerp, 3 Cowen's R. 334. Consequently, in this case no sale was made under Bliss' execution.

2. Where two judgments are rendered on the same day, and execution on one sued out and levied on land before the execution on the other judgment comes to the hands of the

officer, and the sale is made under the first execution, in the application of the money the first execution has the preference. Adams v. Dyer, 8 Johns. R. 347, marg.; Waterman v. Harkin, 11 Johns. R. 228, marg.

3. He who first sues out an execution, and begins to execute before others with equal judgment lien, turns the scale in his favor, and gains a priority by his superior vigilance. Burney v. Boyett, 1 Howard's Miss. R. 39; Waterman v. Harkin, 11 Johns. R. 228, marg.

4. I have not been able to examine the case of Cocke v. Chaney, cited upon the plaintiff's brief, but consider the principle very clear, that in case a creditor has a right to resort to two funds, he cannot so employ them as to injure a creditor who can only resort to one of them; and in the exercise of the power of applying money to the satisfaction of executions, the court possesses both legal and equitable powers. See Ramsey's Appeal, 2 Watts, 228; 2 U. S. Dig. 318, § 79.

CHILTON, J.—The sheriff, having doubts as to the correct appropriation of the funds collected by him upon a sale of land under executions in his hands, brings the money into court, and the parties in interest make an agreed case on which the Circuit Court awarded a distribution of the funds.

Russell and Tappan *et al.*, to whom the larger portion of the fund was adjudged, are satisfied with the decision. Bliss complains in this court that he is entitled to share *pro rata* with the defendant Watkins the sum which was adjudged by the Circuit Court to be paid by the sheriff to him. The judgments of Bliss and Watkins were both rendered on the same day, and as we are not advised which was first rendered, neither can claim a priority by reason of their judgments. It however appears that although the executions in both cases issued the same day, Bliss retained his execution until the day of sale of the land under the other executions. He insists that as the judgment gave the lien on the land, it is sufficient that his execution was in the officer's hands before the sale, to entitle him to share in the proceeds.

It seems to be well settled in New York, where judgments constitute a lien upon land, that where two judgments are rendered on the same day, although neither judgment creditor

has the preference as a *lien*, yet if one of the creditors first take out execution, and proceed to levy and sell, his execution must be first satisfied, by reason of his superior diligence, although the other creditor put his execution in the hands of the sheriff before the sale. Waterman v. Harkin, 11 Johns. Rep. 228; Adams v. Dyer, 8 ib. 347; see also Sanford v. Roan, 12 ib. 162; 1 How. Miss. Rep. 39. This question does not appear to have been directly decided by this court, notwithstanding the many decisions which have been made upon the subject of lien. The case of Patton v. Hayter, Johnson & Co., 15 Ala. Rep. 18, is in principle very nearly analogous; and if that and the decisions above cited are to be considered correct expositions of the law, it is clear that Bliss is not entitled to any portion of this fund. We think it difficult to distinguish in principle between a case where a party, claiming a lien by virtue of his judgment, holds the execution in his pocket, by which active interference the sheriff is prevented from making a levy, and one where, the *fi. fa.* being in the hands of the sheriff, the creditor instructs him to delay its execution. If Bliss had not interfered, and had permitted the clerk to have placed the *fi. fa.* in the sheriff's hands, or had himself, instead of holding it up from the first of June until the sale day in October following, placed it in the hands of the officer, it does not appear but that the sheriff would have made a levy sufficient to satisfy all the *fi. fas.* Be this as it may, where the liens created by the judgments are equal, the money should be awarded to the creditor who first begins execution of his judgment.— There is nothing unreasonable in this, and it is but carrying out the spirit of our statute in respect to the subject of lien.— It is giving the priority to the most vigilant, as is done by the statute in respect to personal property, which gives the preference to the party who first places his *fi. fa.* in the sheriff's hands, although it may have issued upon a junior judgment. So, where there are several executions, in favor of different persons, in the sheriff's hands at the same time, against the same defendant, and personal property is brought into the county, the lien of each *fi. fa.* attaches simultaneously, but in such case the most diligent, that is, the oldest judgment creditor takes the priority. Wood v. Garey, 5 Ala. Rep. 43.

We have not deemed it necessary to notice the question,

whether the fact that Bliss has other security for the payment of his judgment, to which he may resort, should not exclude him from sharing this fund. The point above noticed, we think, is conclusive of the case.

Whether the sheriff, having levied the executions of Watkins et al. and advertised to sell under them, could have proceeded, under such advertisement, to sell under Bliss' execution, upon which no levy or advertisement was made, is a question which we leave open. See, however, Martcraft v. Van Antwerp, 3 Cow. Rep. 334; Clay's Dig. 207, § 30.

Let the judgment be affirmed.