# Lanier *v.* Richardson.

*Application for Mandamus to Probate Judge, in matter of Entry of Judgment on Verdict Establishing Will.*

1. *Entry of judgment or decree by Probate Court; when properly made and dated.*—A decree of the Probate Court, rendered on the final settlement of an estate, usually embraces the findings of the court on both law and fact, and, like a decree in chancery, can not be known until it is officially announced by the judge; and it should bear date and take effect as of the time of said official announcement. But, when the probate of a will is contested, and an issue of *devisavit vel non* is submitted to a jury, who find in favor of the will, the judgment necessarily follows the verdict, as in an action at law; and the verdict being rendered on Saturday morning, while the court is in session, the judgment is properly entered and dated as of that day, although the entry was not actually made until ten o'clock at night, after the expiration of office hours.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

In this case, as the record shows, a petition was filed with the clerk of said court, on the 19th June, 1882, by Laura P. A. Lanier and others, containing the following allegations and prayer: " Your petitioners represent, that on the 13th September, 1881, Mrs. Martha T. Russell filed in the Probate Court of said county her petition for the probate of a paper writing, purporting to be the last will and testament of Missouri W. Mc-Calley, deceased. As heirs at law of the said Missouri, your petitioners were, with others, made parties to said petition; and afterwards, on the 7th October, 1881, filed in said court their written specifications of objection and contest to the probate of said will. Thereupon, an issue was joined pursuant to law, and said cause was tried by a jury in said court; and said jury returned a verdict, sustaining said will. The jury brought in their verdict on Saturday morning, March 4th, 1882; and the court received said verdict on said Saturday morning, discharged the jury, and adjourned, without setting a day to enter a judgment or decree on said verdict. On Saturday night, March 4th, 1882, between the hours of eight and ten o'clock, the court entered the judgment or decree on said verdict. The regular business or office hours of said court are from nine o'clock A. M., to four o'clock P. M., as prescribed by statute. No notice of the entry of said decree was given to contestants, or to their counsel; and no notice was given to them of the time when said de-

cree would be entered.    When said decree was so entered, neither said contestants nor their counsel were present.    Your petitioners allege, that the entry of said judgment or decree, so made as aforesaid on Saturday night, March 4th, 1882, was *extra*-judicial, null and void; and that said entry could not legally have been made sooner than Monday, March 6th, 1882.    The premises considered, your petitioners pray for a peremptory writ of *mandamus*, directed to Hon. WILLIAM RICHARDSON, probate judge of said county, commanding and requiring him, as such judge, to annul and cancel the entry so made by him on the night of March 4th, 1882, and, in lieu thereof, to enter said judgment or decree as of Monday, March 6th, 1882."

On the hearing of the application, with the evidence adduced for and against it (which it is not necessary to state, since this court decides the case on the allegations of the petition alone), the Circuit Court refused to award a *mandamus* as prayed; and this judgment is now assigned as error.

WALKER & SHELBY, for appellants.

CABANISS & WARD, *contra*.

STONE, J.—When this case was first presented to us, we were inclined to believe the judgment should have borne date on the Monday succeeding the Saturday morning on which the verdict was rendered.    The ground of that first impression was, that the judgment establishing the will was entered on the minutes of the court after office hours on Saturday, being in fact so entered between eight and ten o'clock, Saturday night. We had then recently decided the case of *Pinney v. Williams*, at the last term (69 Ala. 311), which was an attempt to compel, by *mandamus*, a change of the date of a decree of the Probate Court.    Speaking of the duty of the probate judge in such case, we then said:  "It clearly seems to be true, that every such decree ought to be dated when it is filed in the office as a paper in the cause, and not before or after; and that the dating of such decree is a mere ministerial act, as distinguished from the judicial act of its rendition, and the discretionary power of determining its terms, conditions, or contents.    These propositions we are strongly inclined to favor; but, as they are not necessarily before us for our consideration, we do not undertake to decide them."    The decree, in that case, was rendered on a final settlement of an estate; and such decrees usually embrace the findings of the court, both on law and facts.    Their principles, or terms, can not be known, until they are proclaimed or recorded by the presiding judge.    They resemble the decrees of a chancellor, and remain in the breast of the judge, unknown and sub-

[Lanier v. Richardson.]

ject to change, until their official announcement. There is an eminent fitness in holding that such decrees take effect, and should date, from the time they are uttered, or made known. Till then, they are not decrees, and there is no means of ascertaining what they will be. Parties can not be expected to take action in reference to such decrees, until they are pronounced ; and till then, time should not be computed.

As we have intimated above, the present is a case of contested will. The will of M. W. McCalley had been propounded for probate, and objections in writing had also been filed, resisting its probate and establishment. Thereupon, an issue *devisavit vel non* was made up, and submitted to a jury. Either party had the right to claim a jury trial.—Code of 1876, § 2317. We must presume this right was claimed, as the court, in the absence of such claim, would not have awarded it. Such jury trials are governed by the same rules as those which obtain in courts of law.—*Ib.* § 2326. When the jury returned their verdict, in favor of the will, the judgment of the court establishing it was a matter of course, unless the verdict was set aside, and a new trial granted.—*Ib.* § 2329. In this, the analogy between it and a suit at law is perfect. When the verdict was rendered in this case, sustaining the will, the contestants were as fully informed what the judgment would be, as they were when the minute-entry was written up. Of course, we intend this remark to apply only when there is no ground for arresting the judgment. The judgment entered is but the logical conclusion, resulting from the premises ascertained by the verdict. In practice, the judgment on verdict is rarely, if ever, announced by the court. It follows so naturally and necessarily, that it is taken for granted. Its first actual utterance is in the reading of the minutes, the work of the clerk. The judgment, no matter when written up, is considered and treated as given on the day of verdict is rendered. Such is the rule in trials at common law ; and we think the same rule must be observed in this case. In what we have said, we have considered only the averments of the petition. It presents no case for relief.

Affirmed.