# Lanier *v.* Russell.

*Contested Probate of Will; Motion to dismiss Appeal.*

1. *Entry of judgment or decree on verdict; when properly dated.*—When the probate of a will is contested, and an issue of *devisavit vel non* is submitted to a jury, who find in favor of the will, the judgment of the court. necessarily follows the verdict, as in an action at law; and the verdict being rendered on Saturday morning, while the court is in session, the

[Lanier v. Russell.]

judgment is properly entered and dated as of that day, although the entry was not actually made until ten o'clock at night, after the expiration of office hours.

2. *Limitation of appeal.*—Thirty days being the limitation of an appeal from a judgment or decree on a contest of the probate of a will (Code, § 3954), an appeal sued out on 5th April, from a judgment rendered on 4th March, will be dismissed on motion.

APPEAL from the Probate Court of Madison.

Tried before the Hon. WILLIAM RICHARDSON.

The appeal in this case was sued out on April 5th, 1882, from a judgment and decree of said Probate Court which was rendered and entered of record on March 4th preceding, and founded on the verdict of a jury returned into court on the morning of that day; and a motion to dismiss the appeal was submitted by the appellee, on the ground that it was not taken within the time prescribed by law. The suit commenced in an application by Mrs. Martha T. Russell for the probate of a paper writing, which purported to be the last will and testament of Missouri W. McCalley, and which was contested by the present appellants, heirs-at-law and distributees. An issue was thereupon formed, under the direction of the court, and submitted to a jury, who returned a verdict in favor of the will; and the judgment now appealed from was rendered on this verdict. On the trial, numerous exceptions to the rulings of the court were reserved by the contestants, and these rulings were here assigned as error. "The jury brought in their verdict," so the bill of exceptions recites, "on Saturday morning, March 4th, 1882; and the court received the verdict on that morning, discharged the jury, and adjourned, without setting a day to enter the judgment or decree on the said verdict. On Saturday night of said March 4th, between the hours of eight and ten o'clock, the court entered the judgment or decree on said verdict. The regular business (or office) hours of said court are from nine o'clock A. M. to four o'clock P. M., as prescribed by statute. No notice of the entry of said decree was given to contestants' counsel, and no notice was given them of the time when said decree would be entered; and when the decree was so entered, neither the contestants nor their counsel were present."

CABANISS & WARD, for the motion, cited the statute (Code, § 3954), and the decision of this court, at the last term, in the case of *Lanier v. Richardson*, 72 Ala. 134.

WALKER & SHELBY, *contra.*—The statute allows thirty days for taking an appeal in such a case as this, which must mean thirty full days, or "clear days," as they are called in the old

[Lanier v. Russell.]

books. If the decree had been entered during office hours on Saturday, or even after office hours, on notice, actual or constructive, to the parties interested, the time might have commenced to run from that day, and the appeal would be barred; but, having been entered Saturday night, long after the close of office hours, and without notice to the parties, that day can not be counted; nor can Sunday be counted, since it is *dies non juridicus*, and an appeal could not have been taken on that day. An appeal could not have been taken before Monday, and the statutory time must be computed from that day, even if the decree was properly entered and dated as of Saturday. A liberal construction is placed on such statutes, giving a party sometimes one day more than the strict letter of the law calls for, but never less. The appeal is from the judgment, or decree, not from the verdict; and that could not be known—it was locked up in the breast of the judge—until announced and entered.—*Green v. McCutcheon*, 40 Mich. 244; *Warren v. Slade*, 23 Mich. 1, or 9 Amer. Rep. 70; *Hillyer v. Schenck*, 15 N. J. Eq. 398; *Young v. Young*, 32 N. J. Eq. 275; *Rubber Co. v. Goodyear*, 6 Wallace, 153; *Dawson's Appeal*, 15 Penn. St. 480; *Ross v. Palmer*, 40 Penn. St. 517; *Neal v. Crews*, 12 Geo. 93; *Charleston Bank v. Gary*, 14 So. Ca. 571; *McLaughlin v. Doherty*, 54 Cal. 519; *Humphrey v. Havens*, 9 Minn. 350; *Carleton v. Byington*, 16 Iowa, 588.

STONE, J.—The judgment-entry found and certified in this record shows that the verdict of the jury was rendered, and the judgment and decree pronounced, on the 4th day of March, 1882. The appeal was prayed and taken April 5th, 1882. Excluding the first day, and including the last, there were thirty-two days between the rendition of the judgment and the grant of the appeal. The statute (Code of 1876, § 3954) requires that such appeals shall be taken "within thirty days after the determination of such contest." An application was made to the Circuit Court for a *mandamus*, to compel the judge of probate to change the date of his judgment and decree, so as to make it bear date March 6th, 1882; but the application was denied. An appeal from that ruling was then prosecuted to this court, and the judgment of the Circuit Court was affirmed. We held, that the final judgment establishing the will was correctly dated March 4.—*Lanier v. Richardson*, 72 Ala. 134.

The present case comes before us on a motion to dismiss the appeal, as not being taken in time, and we are requested to review our former ruling. We have carefully studied the able argument of counsel, and have examined the authorities referred to. Two of them arose on judgments pronounced on

[Lanier v. Russell.]·

verdicts rendered.—*First National Bank v. Gary*, 14 So. Car. 571; *Humphrey v. Havens*, 9 Minn. 318. The others arose in chancery and probate cases, where the judgment of the court remained locked up in the breast of the presiding justice, until it was formulated and formally rendered. The cases from South Carolina and Minnesota are scarcely reconcilable with our rulings in *Lanier v. Richardson, supra*. The other cases, growing out of chancery and probate decrees, are certainly correct, and would be so ruled by us. This, from the nature of the question. Until the decree is pronounced in such cases, there is nothing to foreshadow or indicate what it will be.

When, however, there is a trial by jury, in a common-law proceeding, and the jury returns a general verdict, the judgment, not being arrested, follows the verdict, as the conclusion follows the premises in any other syllogism. "It is therefore considered," is the language of the court, and of the law, in such cases; and if, on a proper verdict rendered, the judge trying the cause should, without setting aside the verdict, or other sufficient reason, refuse to render judgment thereon, he would be compellable to proceed to give judgment, although what particular judgment he should render would probably not be commanded. This, because *mandamus*, as a rule, can compel the exercise of the judicial function, but does not command what judgment shall be rendered.

The system and practice in our common-law courts of general jurisdiction, we think, furnish a safe analogy and guide in cases like the present. The statute directs, that the minutes of those courts must be read each morning in open court. Code of 1876, § 546. This must mean, that the minutes made by the clerk, of the court's proceedings during one day, must be read on the morning of the next succeeding day. Now, in practice, these proceedings are generally entered up after the adjournment of the court for the day; frequently, during the night, after judicial hours; and often finished up during the next morning, before the court convenes. Yet the judgment bears date, and should bear date, of the day the proceedings were had in the court. Such, we think, has been the universal custom since our judicial system was organized. Such was the rule, when our judgments operated liens on lands, without the issue of executions.—*Pope v. Brandon*, 2 Stewart, 401; *Morris v. Ellis*, 3 Ala. 560; *Campbell v. Spence*, 4 Ala. 543; *Mansony v. United States Bank*, Ib. 735; *Quinn v. Wiswall*, 7 Ala. 645; *Bliss v. Watkins*, 16 Ala. 229; *Cunningham v. Fontaine*, 25 Ala. 644; *Dow v. Whitman*, 36 Ala. 604; *Pearson v. Darrington*, 21 Ala. 169; *Ala. Coal & Nav. Co. v. State, ex rel.*, 54 Ala. 36; *Holtzclaw v. Ware*, 34 Ala. 307.

One view of this question, it seems to us, renders our solution of the statute we have referred to, almost unanswerable. Many of our Circuit Courts—probably, a large majority of them—have limited terms, of so many days, or so many weeks. All will admit, that any judicial act, done after the expiration of the prescribed term, would be *coram non judice*. Courts are required, and usually sit, each day of the entire term. The public service demands it. The minutes of the last day's proceedings must be entered up, and it is common knowledge, as well as an irresistible inference, that this service is frequently not completed, until after the close of judicial hours of the last day; nay, frequently until after midnight of that day. Are all such judgments and orders void, because they were not entered and approved within the term the statute prescribes? If a record were to come before us, showing it was rendered one or two days after the statutory termination of the term, we would certainly pronounce it void. Would not this be the inevitable result, if we were to hold that judgments, written up after judicial hours, can take effect only as of the next judicial day? We think a judgment, following a verdict, takes effect as of the day the verdict was rendered, unless there is something in the record showing it was not pronounced on that day. The judgment in this cause shows it was rendered on the same day the jury returned their verdict in the morning.

It would seem this ruling works no hardship in this case. On the very same day—March 4th—on which the verdict was rendered, as we must suppose, counsel entered into a written agreement, made part of the record, that the *contestants* be allowed sixty days within which to prepare their bill of exceptions, and have it signed. This certainly tends strongly to show the contest was then considered at an end in that court. Would it be contended the sixty days did not commence to run until the Monday following?

Appeal dismissed.