[Ware et al. v. Kent.]

# Ware et al. v. Kent.

123  427
124  149

## Action of Ejectment.

1. *Judgments; amendment nunc pro tunc; can not be collaterally assailed.*—The power resides in every court to correct and amend the entries on its minutes *nunc pro tunc;* and the correctness of the court's action in entering a judgment *nunc pro tunc* can not be inquired into or impeached collaterally.

2. *Same; same; when record evidence sufficient to authorize such amendment.*—The record evidence of the rendition of a judgment at a prior term and of the failure of the clerk to make proper entry thereof on the minutes, supplies every fact necessary to the entry of a perfect judgment, and authorizes the entry of such judgment *nunc pro tunc.*

3. *Same; same; notice to other party unnecessary.*—Judgments can be amended *nunc pro tunc* without notice being given to the opposite party.

4. *Same; same; effect of amendment; admissibility of transcript of record in subsequent suit.*—Where the effect of an amendment of a judgment *nunc pro tunc* is to substitute a perfect judgmen entry for an imperfect entry made on the minutes when the judgment was rendered, as of the time the judgment was originally rendered, such amendment *nunc pro tunc* imparts regularity to the execution issued on the judgment imperfectly entered prior to the amendment and to all proceedings thereunder; and in a subsequent suit, where one of the parties claims title to land through the execution issued on said judgment, the transcript from the record of the court in which said judgment was rendered, showing all of the proceedings in said cause relating to the rendition of such judgment and the amendment *nunc pro tunc,* is relevant and admissible in evidence.

APPEAL from the Circuit Court of Jefferson.

Tried before the HON. JAS. J. BANKS.

This was a statutory action of ejectment, brought by the appellants against the appellee to recover certain lands specifically described in the complaint. The facts of the case pertaining to the rulings of the court re-

[Ware *et al.* v. Kent.]

viewed on the present appeal are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence the court rendered judgment for the defendant. To the rendition of this judgment the plaintiffs duly excepted. The plaintiffs appeal, and assign as error the rulings of the court upon the evidence and the rendition of judgment for the defendant.

DENSON & TANNER, for the appellants.—A judgment is a judicial act and must be performed by a judicial, and not by a ministerial, officer of the court. To constitute a judgment it must be rendered by the judge and not by the clerk of the court.—*Hall v. Marks*, 34 Ill. 358; *Tombeckbee Bank v. Godbold*, 3 Stewart 240-42. A memorandum or an order for a judgment is not a *judgment.*—11 Ency. P. & P. 810, 822; *Lincoln v. Cross*, 11 Wis. 94-98; *Whitwell et al. v. Emory*, 59 Am. Dec. 220, 222; approved in *Bell v. Otts*, 101 Ala. 186. The decisions or findings of a court do not constitute a judgment.—11 Ency. of P. & P. 828 and cases there cited.

There was no judgment pronounced against Josh Ware for anything, there was no judgment. See following authorities directly in point.—*Bell v. Otts.*, 101 Ala. 186-87; *Tombeckbee v. Godbold*, 3 Stewart 242; *Daughan v. Tombeckbee*, 1 Stewart, 66-67; *Taylor Shipton & Co. v. Runyon.et al.*, 3 Iowa, 474-79. The right to amend a judgment *nunc pro tunc* is confined alone to clerical errors or omissions and does not extend to judicial errors or judicial non-action.—*Browder v. Faulkner*, 82 Ala. 257; *Brown v. Barnes*, 93 Ala. 58. The power of courts to amend their judgments after the close of the term, did not exist at common law, but the whole authority is conferred by statute and only such power as is conferred by statute can be exercised. The power conferred by the statute is not revisory, and it cannot be employed to correct that which should be corrected on appeal.—*Whorley v. M. & C. R. R.*, 72 Ala. 20-22; *Tippins v. Peters*, 103 Ala. 196; *Browder v. Faulkner*, 82 Ala. 257; *Whitwell et al. v. Emory*, 59 Am. Dec. 223.

[Ware *et al.* v. Kent.]

The power of amendment *nunc pro tunc* is not revisory in its nature and is not intended to correct judicial errors or a judicial non-action. Such amendments "ought never to be the means of modifying or enlarging the judgment or judgment record, so that it shall express something which the *court did not pronounce, even although the proposed amendment embraces matter which clearly ought to have been announced.*" However erroneous the express judgment of the court, it cannot be corrected at a subsequent term.—*Browder v. Faulkner,* 82 Ala. 257-258.

J. M. GILLESPY, *contra.*—The clerk's failure to write up a minute entry on the assessment of damages was a mere clerical error in the record of the case and was amendable *nunc pro tunc* by the court on motion at any time within twenty years, without notice and that, although the defendant in the judgment might be dead; and the amendment, when made, the rights of no third person intervening, (and none intervene in this case, the plaintiffs being heirs at law of said Josh Ware), was retrospective and related back to the time the judgment was originally rendered or taken.—*Nabers v. Meredith,* 67 Ala. 333; *Sarter v. Bank,* 29 Ala. 353; *Jones v. Woodstock Iron Company,* 93 Ala. 551. No notice was required under section 3337 of the Code because the amendment was of a "mere clerical error." The two cases above referred to of *Nabers v. Meredith,* and *Sarter v. Bank,* are fully in point and show that the amendment was of a "mere clerical error."

McCLELLAN, C. J.—Joshua Ware had title to the land in suit by patents from the United States. The plaintiffs are his heirs at law. The defendant claims title through an execution issued on a judgment against said Joshua, the levy thereof upon this land, its sale thereunder and the purchase at such sale by defendant's grantor to whom the sheriff executed a deed. The judgment upon which this execution issued was *rendered* by a competent court but not *entered* by the clerk of the court, or *imperfectly entered.* Subsequent to the sale under execution, the sale and conveyance by the purchaser thereat to this defendant and to the institution of

this suit, the plaintiffs in that cause, one of whom was such purchaser and grantor, moved the court to enter said judgment *nunc pro tunc,* or rather to amend its imperfect entry *nunc pro tunc.* This motion in due course was granted, and a judgment in all respects regular and formal was entered of record as of the original rendition of judgment in the cause.

On the trial of this cause a transcript from the record of the court in which said judgment had been rendered, showing the pleadings in the cause, the bench notes of the judge rendering judgment by default and assessing the damages and directing judgment for the amount thereof, the imperfect entry made by the clerk of the judgment rendered as shown by the bench notes, the motion to amend the entry *nunc pro tunc,* the order of the court granting the motion and entering or directing the entry of formal judgment, and the formal judgment so entered, was offered in evidence, and admitted against the objection of the plaintiffs. And this action of the court is really the only matter presented for review by this appeal, since all the other rulings excepted to, including the finding and conclusion of the judge sitting without a jury, and the judgment rendered thereon, were proper or not as the admission in evidence of this transcript was proper or not.

That the transcript, or at least so much of it as showed the entry of a formal and regular judgment having effect as of the original rendition of judgment, was properly received in evidence, there can, we think, be no serious doubt. The objections to it were wholly untenable upon two distinct grounds: In the first place, the correctness of the court's action in entering the judgment *nunc pro tunc* could not be inquired into or impeached collaterally by objection to the introduction of its record in this other cause. The power resides in every court to correct and amend the entries on its minutes *nunc pro tunc,* and no court can incidentally question the verity of the record as amended. The court receiving the amended record must take it as it is certified by the proper officer, and is not at liberty to look beyond it to inquire how it came to be as it is. The remedy against an improper amendment is by appeal, or some other

[Ware *et al.* v. Kent.]

method of direct attack, and in no case by collateral and incidental assault.—*Jones v. Lewis*, 8 Iredell's Law, 70, s. c. 47 Am. Dec. 338; *State v. King*, 5 Ired. Law, 204; *Galloway's Admr. v. McKeithen*, Id. 12, s. c. 42 Am. Dec. 153; *Hamilton v. Seitz*, 25 Pa. St. 226, s. c. 64 Am. Dec. 694; 1 Freeman on Judgments, § § 67, 74.

But if the rule were otherwise and admitted of the collateral attack of *nunc pro tunc* judgments in respect of the proof upon which they are based, the result would be the same in this case. The amendment here made was upon record or *quasi* record evidence of the rendition of a judgment at the prior time and of the failure of the clerk to make proper entry thereof on the minutes, and this record evidence supplied every fact necessary to the entry of a perfect judgment.—1 Freeman on Judgments, § § 61, *et seq.;* 3 Brick. Dig., pp. 577-8; *Nabers' Admr. v. Meredith et al.,* 67 Ala. 333, and cases there cited.

No notice of the motion to amend is necessary, as was expressly decided in *Nabers' Admr. v. Meredith et al., supra.*

The effect of the amendment was to substitute for the imperfect entry made when the judgment was rendered the perfect entry directed by the order granting the motion to amend as of the time of the rendition and imperfect entry; and the matter now stands, as between the parties to that suit and their privies, precisely as if a formal and perfect judgment had been duly entered in the first instance. The very purpose of such amendments generally is to support proceedings already taken under the original entry; and the effect here is to impart regularity and formality to the execution issued on the judgment imperfectly entered and to all proceedings under it.—1 Freeman on Judgments, § § 67, 74.

The court properly received the transcript in evidence; and, as we said above, the propriety of all its other rulings necessarily follows.

Affirmed.