# *Ex parte* National Lumber Mfg. Co.

## *Garnishment.*

(Decided April 28, 1906. 41 So. Rep. 10.)

1. *Garnishment; Judgment Nisi; Final Judgment; Validity.*—A valid judgment *nisi* is necessary to support a final judgment, the final judgment being a confirmation of the judgment *nisi;* and if the judgment nisi is invalid, a final judgment rendered thereon is also invalid.
2. *Corporations; Actions; Process; Service.*—It must appear of record that proof was made that process was served upon some officer authorized by law to be served on behalf of the corporation before judgment by default against the corporation can be rendered.
3. *Certiorari; Review of Final Judgment in Garnishment Proceedings.*—Common law certiorari is the proper remedy to bring

[Ex parte National Lumber Mfg. Co.]

up for review the matters and proceedings on the record in rendering a final judgment against a garnishee confirming an invalid judgment nisi.

Petition for certiorari to Supreme Court.

Certiorari by the National Lumber Manufacturing Company to review a judgment against it as garnishee in a cause wherein the Dixie Grain Company was plaintiff and the Powe Logging Company defendant.

It was shown that judgment nisi was rendered against the movant as garnishee, and it nowhere appears that proof was made that proper service had been had on one of the officers of this corporation upon whom service could be legally made, and without such proof at a subsequent term of the court the judgment nisi was made final against the movant. There was motion made by the Dixie Grain Company, which was made party defendant to this motion for certiorari, to dismiss, quash, or supersede the writ of certiorari issued out of the supreme court at the instance of the National Lumber Manufacturing Company. The cause was submitted on the motion for certiorari and on the motion to quash and dismiss the motion for certiorari. It was shown by the records and proceedings of the circuit court that a judgment nisi or by default was entered against this petitioner, and the record fails to show that proof was made that the person upon whom process was served was, at the time of the service, such an agent or officer as was by law authorized to receive service for and on behalf of the corporation.

STEVENS & LYONS, for petitioner.—Certiorari is the proper remedy to review the judgment in this cause.— *Beach v. Larender*, 138 Ala. 406; *Hoffman v. A. D. & F. Co.*, 124 Ala. 542; *Independent Co. v. Am. Asso.*, 102 Ala. 475. To authorize a judgment by default against a corporation, it must appear of record that proof was made that the person upon whom process was served was such an agent or officer of the corporation as by law was authorized to receive service for and on behalf of the cor-

poration.—Authorities supra; *M. & E. R. R. Co. v. Hart-well*, 43 Ala. 508. The final judgment in garnishment proceedings is merely confirmatory of the conditional judgment before rendered.—*Spence v. Simmons*, 16 Ala. 828; *Drain v. King*, 21 Ala. 558; *Dickinson v. Walker*, 1 Ala. 48. Its binding efficacy depends entirely upon the conditional judgment.—Authorities supra. A valid judgment nisi is one of the essentials to a valid final judgment.—Authorities next above; *Lowry v. Clements*, 9 Ala. 422; *Goode v. Holcombe*, 37 Ala. 94. It is just as fatal as want of service for the record to fail to show, on a judgment by default against a corporation, that proof was made that the person upon whom service was perfected was such an agent or officer of the corporation as by law was authorized to receive service.—All the authorities supra; *M. F. & I. Co. v. Fowler*, 76 Ala. 372; *Oxanna B. & L. A. v. Agee*, 99 Ala. 571. It follows that the judgment is void for reasons above stated. It is void for the reason that the conditional judgment cannot be made final until after the expiration of three days, and it affirmatively appears that this was done in this instance.—*Randolph v. Peck*, 4 Ala. 389.

WILLIAM C. FITTS and McINTOSH & RICH, for respondent.—The return of the sheriff as written on the process becomes part of the record and verity attaches to it and the court acquired jurisdiction of the person reported by his return to have been served.—*Dunklin v. Wilson*, 64 Ala. 162; *Hensley v. Rose*, 76 Ala. 373. The rule prescribed as to the service of corporations has been fully met in this case.—*Southern B. & L. A. v. Gillespie*, 121 Ala. 295; *Eagle L. Asso. v. Redden*, 121 Ala. 347. The garnishee is expected to stand in an indifferent attitude to the contending parties, and he should answer the process indebted or not indebted.—*Ely v. Blacker*, 112 Ala. 311; *Montgomery Co. v. Herrick*, 61 Ala. 535; *Curry v. Woodward*, 50 Ala. 257; *Duncan v. Ware*, 5 S. & P. 119.

The recitals in the final judgment entry operate as a full and complete amendment, nunc pro tunc, of the

minute entry of the judment nisi and relates back and
sustains both judgments.—*Ware v. Brewer,* 34 Ala. 115;
*Moore v. Horn, et al.,* 5 Ala. 235; *Harris v. Martin,* 39
Ala. 556; *Seymour & Sons v. Harrow Co.,* 81 Ala. 250.

DOWDELL, J.—A final judgment in garnishment pro-
ceedings is merely a confirmation of the judgment nisi,
which is a conditional judgment. A valid judgment nisi
is therefore necessary to support a valid final judgment.
If the judgment nisi is for any reason void, there can be
no confirmation of it, and hence no valid final judgment
can be predicated on it.—*Goode v. Holcombe,* 37 Ala. 94;
*Drane v. King,* 21 Ala. 558; *Spence v. Simmons,* 16 Ala.
828; *Lowry v. Clements,* 9 Ala. 422; *Dickerson v. Walker,*
1 Ala. 48.

To authorize a judgment by default against a corpora-
tion, the record must show that proof was made that the
person upon whom process was served was, at the time
of the service, such an agent or officer as by law was au-
thorized to receive service for and on behalf of the corpo-
ration. This has been the rule of practice in this state
since the case of *Huntsville v. Walker,* Minor 391. This
rule has been followed in numerous cases decided by this
court, and has become too firmly established to be now
overturned.—*St. John v. Tombeckbee Bank,* 3 Stew. 146;
*Wetumka & Coosa R. R. Co. v. Cole,* 6 Ala. 656; *Oxford
Iron Co. v. Spradley,* 42 Ala. 24; *Southern Express Co.
v. Carroll,* 42 Ala. 437; *M. & E. R. R. Co. v. Hartwell,* 43
Ala. 508; *Independent Pub. Co. v. Amer. Press. Associa-
tion,* 102 Ala. 475, 15 South. 947; *Hoffman v. Ala. Dis-
tillery & Feeding Co.,* 124 Ala. 542, 27 South. 485.

The record fails to show that at the time of the ren-
dition of the judgment nisi that the necessary proof of
service on the defendant in order to support such judg-
ment was made. The judgment nisi, therefore, was a
nullity, and the final judgment based on it was likewise
void. That the common law writ of certiorari in such a
case is the proper remedy, see *Beach v. Lavender Bros.,*
138 Ala. 406, 35 South. 352, and other authorities cited
above.

[W. L. Murdock Brokerage Co. v. Collins.]

The motion to quash the writ must be overruled, and a judgment will be here rendered, quashing the judgment in the lower court brought under review by the writ.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.