# McGowan v. Simmons.

## Assumpsit.

(Decided February 5, 1914.   64 South. 569.)

1. *Judgment; Amendment Nunc Pro Tunc; Bench Notes.*—Bench notes made by the judge in the trial of the cause are quasi record matter and admissible to show that a jury was ordered and called to ascertain the damages, on a motion to amend nunc pro tunc, a default judgment so as to show that the amount of the damages was ascertained by the jury.

2. *Process; Return; Impeachment.*—Evidence that in fact and in law there was no service upon defendant as recited in the sheriff's return was not admissible on a motion to amend a default judgment nunc pro tunc so as to show that a jury was called to ascertain the damages.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

C. W. Simmons had judgment against Nick McGowan, and entered a motion to amend the judgment nunc pro tunc to show that the default judgment was rendered by the court, and that a jury was called and came and ascertained the damages. From an order granting the motion and amending the judgment, defendant appeals. Affirmed.

R. H. ARRINGTON and H. L. MARTIN, for appellant. The minutes are the sole memorial of what the court did.—*Winn v. McCraney,* 156 Ala. 635. The court stands by the recitals of the judgment entry.—*Dannelly v. State,* 130 Ala. 132; *Briggs v. T. C. I. & Ry.,* 175 Ala. 130. The courts cannot revise or substitute nor correct judicial errors on motions to amend judgment.—*Browder v. Faulkner,* 82 Ala. 257; 103 Ala. 197; 126 Ala. 274. No judgment for damages can be rendered without a writ of inquiry.—*Ex parte Overton,* 174 Ala.

258; *Martin v. Price,* Minor 68. The record must show a legal service on defendant.—*Cook v. Phonoharp Co.,* 156 Ala. 501; *Land v. Patterson,* Minor 14. The sheriff may be permitted to amend his return so as to make it speak the truth.—*Heflin v. McMinn,* 2 Stew. 492. The recital of service of process is not sufficient.—*Oxford I. Co. v. Bradley,* 42 Ala. 24. The court did not acquire jurisdiction of defendant so as to authorize the judgment entry.—*Jennings v. Pearce,* 101 Ala. 541; 76 Ala. 417; 70 Ala. 401.

W. W. SANDERS, for appellee. Docket entries of trial judges are record evidence and may be looked to for the purpose of motion to amend nunc pro tunc.—*Farmer v. Wilson,* 34 Ala. 77; *McSwain v. State,* 175 Ala. 25, and authorities cited. The court properly denied admission of evidence as to the proposed amendment offered by the sheriff to his return.—*Halso v. Seawright,* 65 Ala. 432; 32 Cyc. 452; sec. 5315, Code 1907.

MAYFIELD, J.—Before the submission of this cause, the appellee obtained a certiorari to the trial court, to perfect the record. Before the clerk of the circuit court made his return to the certiorari, appellee moved in the trial court to have the judgment appealed from, which was a judgment by default, amended nunc pro tunc, so as to show that a jury was had, to ascertain the amount of damages; the claim or demand sued on being one in which a jury was necessary to ascertain the amount of damages.

The appellant, defendant in the court below, resisted the motion to amend; and here assigns several errors as to the admission of evidence, as to the order allowing the motion, and as to the amendment of the judgment.

There was no error in allowing the bench notes of the trial judge, which show that a jury was ordered

and came, to ascertain and fix the amount of damages. This has been repeatedly held to be proper; the bench notes being quasi record matter.

In *Nabors v. Meredith,* 67 Ala. 333, 335, it is said: "That practice in this state has been too long and firmly established to be now disturbed, permitting judgments nunc pro tunc to be entered without requiring notice to be given to the opposite party. No injustice can result from this rule, for the reason that such amendments are always allowed on some entry or memorandum, which is to be determined from an inspection of the court records, and cannot be contradicted or gainsaid by proof of extraneous parol facts. The court erred in refusing to grant the motion for want of notice.—*Glass v. Glass,* 24 Ala. 468; *Allen v. Bradford,* 3 Ala. 281 [37 Am. Dec. 689]; *Bentley v. Wright,* 3 Ala. 607; *Fugua v. Carriel,* Minor, 170 [12 Am. Dec. 46]; Freeman on Judg. § 64. The facts appearing on the record authorized the amendment. The suit was on a note of hand properly described in the complaint, and the docket of the court contained a memorandum in the handwriting of the presiding judge, which showed the rendition of a judgment by default in favor of the appellant against the defendants in the judgment. The omission of the amount of damages was a mere clerical mistake, and its insertion a purely ministerial act, such as was always amendable at common law, regardless of any power conferred by the statute of jeofails.—*Wilkerson v. Goldthwaite,* 1 Stew. & P. 159."

There was no error in the trial court's declining to allow the sheriff to amend his return to the summons and complaint. Such evidence is not admissible on motions to amend judgments nunc pro tunc. While the proposed change was called an amendment, it was not in law an amendment of the return of the sheriff, but

was in effect an impeachment of the return and would have shown that there was, in fact and in law, no service upon the defendant.

If the summons and complaint had been admitted, it could not and would not have affected the result; but we see no error in the court's declining to admit the same on the hearing of the motion to amend.

The judgment was properly amended by reference to the entries on the trial docket, commonly called bench notes; the same being memoranda made by the trial judge. These constituted sufficient authority for the amended judgment entered.

We find no error in the record, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.