61 So.2d 803

**Ex parte BIDDLE.**

**8 Div. 661.**

Supreme Court of Alabama.

Nov. 20, 1952.

Clark E. Johnston, Jr., Albertville, for petitioner.

Marion F. Lusk, Guntersville, and Jackson, Rives, Pettus & Peterson, Birmingham, for respondent.

FOSTER, Justice.

This is a petition for certiorari for the purpose of reviewing a judgment of the Circuit Court of Marshall County, correcting nunc pro tunc a minute entry of that court dated September 17, 1951. On that date the minute entry shows that plaintiff elected to take a nonsuit on account of the adverse rulings of the court; whereupon it was ordered that said nonsuit be granted. But there was no final judgment disposing of the case. An appeal was taken by plaintiff to this Court and, on motion of appellee, it was dismissed because the minute entry did not show a final judgment, Ala.Sup., 58 So.2d 596.[1] Thereupon the defendant in the court below filed a motion to direct the clerk to write up the judgment of the court to show that defendant is allowed to go hence with his costs in that behalf incurred. The motion came on for hearing on June 13, 1952, and was granted on that day and a judgment rendered ordering a correction of the prior minute entry so as to contain the necessary provisions for a final judgment as prayed for in the motion. There was no change in the date of the prior minute entry but

1. 257 Ala. 276.

it remained dated September 17, 1951 as originally entered.

The objection to that judgment, made by plaintiff below in his petition to this Court for a writ of certiorari, is in not redating the minute entry so as to be June 13, 1952 when the motion was granted. The effect of leaving the date September 17, 1951, is thought by petitioner to cut off an appeal from that judgment under section 788, Title 7, Code. But that question is controlled by other matters.

Defendant in the trial court contends that certiorari is not the proper remedy, but that mandamus directed to the trial judge to redate the judgment of September 17, 1951 is the appropriate remedy. Mandamus has been used for a similar purpose in some of our cases.

In Lanier v. Richardson, 72 Ala. 134, a petition for mandamus was filed in the circuit court to be directed to the judge of probate where a will contest had been tried by a jury and verdict rendered. The verdict was received on Saturday morning March 4, 1882. When the court received the verdict it discharged the jury and adjourned without setting a day to enter a judgment on the verdict. That night the clerk entered a formal judgment on the minutes. It was contended that the entry could not legally have been made until Monday March 6th. The petition for mandamus was to require the judge of probate to date the entry as of March 6th instead of March 4th. The trial court denied the mandamus and on appeal this Court affirmed such ruling. To the same effect is the case of State ex rel. Pinney v. Williams, 69 Ala. 311.

Another case is Ex parte Louisville & Nashville R. R. Co., 214 Ala. 489, 108 So. 379. In that case the cause was heard on December 11, 1924, and a decree was rendered on January 27th thereafter, but dated December 11th. It was then too late to review by appeal the decree of December 11th, thirty days having passed when the decree was in fact rendered. This Court granted mandamus to require the judge to redate the decree as of the date when it was rendered.

It is said that the writ of certiorari will not be employed to inquire into the correctness of the judgment where the forms of the law have been complied with and the court had jurisdiction (of the parties and subject matter). It may be used to inquire into the external validity and regularity of a proceeding, but not its intrinsic correctness. Ex parte Slaughter, 217 Ala. 515, 116 So. 684; Sims v. Sims, 250 Ala. 494, 35 So.2d 89.

Another principle is that common-law certiorari will not be awarded when an adequate remedy is available by appeal. Fowler v. Fowler, 219 Ala. 457, 122 So. 444. So that, if a judgment is void and therefore will not support an appeal, it may be abrogated by certiorari. Beach v. Lavender Bros., 138 Ala. 406, 35 So. 352; Ex parte National Lumber Mfg. Co., 146 Ala. 600, 41 So. 10.

Appeals from judgments in proceedings having the qualities of that here involved have been heard and determined on their merits without question as to whether the statute applicable to appeals from any final judgment is available. Tippins v. Peters, 103 Ala. 196, 15 So. 564; Robertson v. King, 120 Ala. 459, 24 So. 929; McGowan v. Simmons, 185 Ala. 310, 64 So. 569; Campbell v. Beyers, 189 Ala. 307, 66 So. 651; Home Ins. Co. v. Shriner, 235 Ala. 65, 177 So. 897; Id., 235 Ala. 165, 177 So. 890, 114 A.L.R. 574; Metropolitan Life Ins. Co. v. Estes, 236 Ala. 294, 181 So. 775. These cases are distinguishable from Lanier v. Richardson, supra; Ex parte Louisville & Nashville R. R. Co., supra, and State ex rel. Pinney v. Williams, supra, in that in the latter cases there does not appear to be a judgment of such formal sort as would support an appeal to review the question of whether the judgment should be redated.

Petitioner contends that an appeal will not lie to accomplish the purpose here sought because more than six months have expired from September 17, 1951, which is the date of the final judgment. But the question now is whether an appeal will lie from the judgment of June 13, 1952, cor-

recting the minute entry of September 17, 1951. It is the entry of June 13, 1952 which petitioner claims was erroneous and should be corrected in this proceeding to enable him to appeal from the amended judgment dated September 17, 1951, which it is thought is not available as it now appears. We see nothing in the way of such appeal from the amendatory judgment of June 13, 1952. But whether it properly left the original date in the amended judgment can be determined on such an appeal depends upon the proceedings which were had on the motion to amend as shown by the record. The nature of the record on appeal, sufficient to review the judgment of June 13, 1952, was referred to in our recent case of Lipscomb v. Bessemer Board of Education, ante, p. 47, 61 So. 2d 112, where the authorities are cited.

It is not too late for an appeal to be taken from the judgment of June 13, 1952. But the present record in that respect contains no more than the application and judgment on it, although there was a copy of the original minute entry of September 17, 1951 in the record on review in the former appeal. That status may be sufficient to present the question of law which seems to be the only issue in respect to the judgment of June 13th. That is, whether the amended judgment should be dated as of June 13, 1952 or September 17, 1951. For the benefit of the parties who have discussed the question of law, we think it would be well for us to point out some applicable principles which may save the trouble and expense of a useless appeal.

It was said in Lanier v. Russell, 74 Ala. 364: "When, however, there is a trial by jury, in a common law proceeding, and the jury returns a general verdict, the judgment, not being arrested, follows the verdict, as the conclusion follows the premises in any other syllogism." And "yet the judgment bears date, and should bear date, of the day the proceedings were had in the court." And, again: "We think a judgment, following a verdict, takes effect as of the day the verdict was rendered, unless there is something in the record showing it was not pronounced on that day."

It is likewise so stated in Lanier v. Richardson, supra.

In Lewis v. Martin, 210 Ala. 401 (6, 7 and 8), 410, 98 So. 635, 643, it is said that "the entry of record of 'the mind or determination of the court audibly expressed' is the judgment or decree of the court, and not the verdict. (Citing cases.) And the ministerial act of entry record or registry of the 'determination' of the court must be performed before that 'determination' becomes the judgment, decree or order thereof (citing cases), unless it be an order of continuance of a motion for new trial or rehearing, the regularity of which entry may be waived by the respective parties in adverse interest". Those principles are also stated in Lanier v. Richardson, 72 Ala. 134.

In Ex parte Louisville & Nashville R. R. Co., 214 Ala. 489, 108 So. 379, 381, it is said in referring to Bell v. Otts, 101 Ala. 186, 13 So. 43, that "a judgment is a final consideration and determination by a court having jurisdiction of the matter submitted, and should be in form, always be complete and certain in itself, showing that it is the court's adjudication". And that "in this jurisdiction the period of limitation begins to run from the time of the rendition of an appealable judgment, order or decree".

We have followed the theory that when the court receives and enters on the docket the verdict of the jury, such entry is generally treated as a pronouncement of judgment accordingly, although it is not always so expressed in the bench notes. Lanier v. Richardson, supra; Mt. Vernon-Woodberry Mills v. Union Springs Guano Co., 229 Ala. 91, 155 So. 716; Ex parte Curry, 248 Ala. 384, 27 So. 2d 630. Other authorities seem to be in accord with that principle. 3 Corpus Juris page 1058, section 1056; 4 C.J.S., Appeal and Error, § 445; 1 Freeman on Judgments page 264, note 12.

In the case of Campbell v. Beyers, 189 Ala. 307, 66 So. 651, the Court draws a distinction between a situation where the record evidence shows that the judge did not in fact pronounce judgment, but should

have done so, and one where he did in fact pronounce judgment, but it was not entered formally on the minutes. In that case there was a verdict signed by the foreman, endorsed on the summons and complaint, showing a finding for plaintiff. The verdict was complete. The court made no memorandum ordering a judgment or noting the verdict. The clerk entered a judgment on the minutes after the term. That judgment was expunged at a later term on motion, as was done in Wynn v. McCraney, 156 Ala. 630, 46 So. 854. Plaintiff then moved for an entry of judgment. The court denied the motion and this Court reversed on appeal. In the discussion the opinion of this Court noted that it is the judgment and not the verdict which binds the parties; that the adjudication is not in the verdict but in the judgment, and that upon the verdict in due course a judgment should have been rendered by the court. Therefore the court may at a subsequent term proceed to render the judgment that should have been rendered when the verdict was returned into court. But no judgment had been rendered or pronounced as shown by any record, and a judgment was therefore rendered to be effective as of the date it was so ordered at the subsequent term.

In the case of Webb v. French, 225 Ala. 617, 144 So. 818, an entry was made by the judge on his docket, the material feature of which was that the plaintiff "takes a non-suit with a bill of exceptions in order to review the said several rulings before the * * * court." This was dated September 6, 1932. An appeal was taken to this Court, which was dismissed for the absence of a formal judgment disposing of the action. Thereafter, on motion made by attorneys for plaintiff, the court, on January 10, 1933, entered up a judgment of nonsuit so as to include the words "it is ordered and adjudged that the defendant go hence without day and recover of the plaintiff the costs in this behalf expended: for which execution may issue". The date of September 6, 1932 was left as the date of the judgment.

An original application for a writ of mandamus was presented to this Court, as shown in Ex parte French, 226 Ala. 297, 147 So. 631, directed to the judge of the circuit court to require him to vacate the judgment of January 10, 1933 on the ground that it was rendered by the court at a subsequent term when the court had no jurisdiction to do so. We denied the writ of mandamus, holding that the court had that power at a subsequent term. We observed that the entry which the judge made on the docket was in the nature of a request by plaintiff that judgment be entered, and was not a disposition of the case until the court acted upon it and entered a formal judgment of nonsuit: that this was done on motion and notice and was in due form. Thereafter, on June 17, 1933, the plaintiff filed security for costs on an appeal then taken to the Supreme Court "to review the several rulings, orders and judgments of the Circuit Court of Cullman County" in that case. That was of course more than six months after the date of the judgment of September 6, 1932, which remained its date after the judgment of January 10, 1933, but it was within six months after January 10, 1933.

This Court considered the merits of that appeal as shown in Webb v. French, 228 Ala. 43, 152 So. 215, in which no reference was made to the fact that more than six months had expired from the date of the judgment as amended, which date was September 6, 1932, and which was the date of the judgment after it was amended. That is the same status as in the instant case. There was no motion made to dismiss the appeal because it was taken more than six months after September 6, 1932. If the appeal was taken after the expiration of six months from the time when the appealable judgment was rendered, the appeal should have been dismissed *ex mero motu.* Irwin v. Weil, 228 Ala. 489, 153 So. 746; section 488, Title 7, Code. This Court did not refer to the question of whether it had jurisdiction on that account, but treated the appeal as being sufficient to confer jurisdiction by reason of it,

notwithstanding the original judgment continued to bear date of September 6, 1932. Had we thought that the effective date of the final judgment was September 6, 1932, it would have been our duty to dismiss the appeal *ex mero motu*. But in line with the discussion in Campbell v. Beyers, supra, we must have reached the conclusion that the facts placed the situation within that aspect of that case wherein it was held that the bench notes did not show a pronouncement of judgment by the court on September 6, 1932.

The bench notes in Webb v. French, 225 Ala. 617, 144 So. 818, merely show that the plaintiff took a nonsuit; and, as we have said in Ex parte French, supra, this did not show a disposition of the case or that the court had acted upon the request. It would therefore follow that when the judgment was entered January 10, 1933, that was the first adjudication by the court on the request of plaintiff for a nonsuit.

Whereas in the instant case, the bench notes recite (after stating that plaintiff elected to take a nonsuit), "the same being considered by the court, it is therefore ordered and adjudged by the court that non suit be and the same is hereby granted". This clearly shows that the court then and there acted upon the request and pronounced judgment thereon, although the judgment was not entered up in proper form having the effect to dispose of the case.

The difference between the two situations illustrates the theory expressed by the Court in Campbell v. Beyers, supra.

It is said in Ware v. Kent, 123 Ala. 427, 26 So. 208, 209, that "The effect of the amendment [nunc pro tunc] was to substitute for the imperfect entry made when the judgment was rendered the perfect entry directed by the order granting the motion to amend as of the time of the rendition and imperfect entry; and the matter now stands, as between the parties to that suit and their privies, precisely as if a formal and perfect judgment had been duly entered in the first instance. The very purpose of such amendments generally is to support proceedings already taken under the original entry, and the effect here is to impart regularity and formality to the execution issued on the judgment imperfectly entered and to all proceedings under it. 1 Freem.Judgm. §§ 67, 74."

On that theory it was held in Seymour v. Thomas Harrow Co., 81 Ala. 250, 1 So. 45, that a judgment may be amended nunc pro tunc at a subsequent term pending an appeal from it, and the amendment being properly certified to this Court will relate back to the rendition of the original judgment and sustain it. When such amendment is certified to this Court, there is no need of a writ of certiorari to have it done.

Of course that must be done before the cause is submitted in this Court; or, if it is submitted without doing that, a motion must be made to have the submission set aside and ask for certiorari to complete the record as corrected, unless the corrected record has been already certified to us. It should then be ordered to be accepted as a part of the record and resubmitted. If, pending the appeal, a proceeding is had to amend the judgment, but the judgment rendered in it is not satisfactory, although it is a final determination of that proceeding, an appeal may be taken from it and submitted along with the submission on the main appeal which should be properly consolidated with the other and be affected by its result. Such a theory was shown to be the proper procedure in Bailey v. State, 253 Ala. 553, 45 So.2d 785; Home Ins. Co. v. Shriner, 235 Ala. 65, 177 So. 897; Lipscomb v. Bessemer Board of Education, supra.

We think the judgment of June 13, 1952 merely put in proper form the judgment pronounced September 17, 1951, and made legal evidence of it. An appeal from the judgment of September 17, 1951 is not now available, although six months have not expired since it was formally entered on June 13, 1952.

Petition for certiorari is dismissed.

LIVINGSTON, C. J., and LAWSON, SIMPSON and GOODWYN, JJ., concur.