238 So.2d 873

**Ex parte W. O. B., INC.**

**In re J. T. CHAMBLEE**

**v.**

**W. O. B., INC.**

**8 Div. 308.**

Supreme Court of Alabama.

Aug. 6, 1970.

Rehearing Denied Sept. 17, 1970.

T. J. Carnes, Albertville, for petitioner.

Clark E. Johnson, Jr., Albertville, for defendant.

## PER CURIAM.

This is an original petition filed in this court for a writ of mandamus to require the trial judge to set aside and vacate certain orders made by him on motions filed following a default judgment for $20,000.00 in favor of plaintiff and against petitioner, W. O. B., Inc.

We issued rule nisi to the Honorable Edward N. Scruggs, as Judge of the 27th Judicial Circuit of Alabama, on August 14, 1968.

On January 16, 1967, one J. T. Chamblee filed a suit in the Circuit Court of the 27th Judicial Circuit (Marshal' County) against W. O. B., Inc. (petitioner herein) and against Rudder Construction Company. This suit claimed damages for an injury received on a construction job alleging that said defendants were negligent, etc.

A purported sheriff's return was made as follows:

"Executed this 19 day of Jan 1967 by leaving a copy of the within Summons and Complaint with Mr. Hancock of W. O. B., Inc."

This return was not signed by either the Sheriff of Marshall County or his deputy. However, a rubber stamp was apparently used.

No service or purported service was ever had on defendant Rudder Construction Company.

After the filing of the purported return in the clerk's office, a deputy sheriff corrected or amended the return above referred to by interlining the words "as agent for" so that the return read as follows:

"Executed this 19 day of Jan 1967 by leaving a copy of the within Summons and Complaint with Mr. Hancock of as agent for W. O. B., Inc."

No motion was made before the court for leave to amend the sheriff's return and no notice of any kind was given to defendant W. O. B., Inc., of a proposed amendment to the return.

On March 10, 1967, the trial judge entered a bench note striking Rudder Construction Company as a defendant and directing a judgment by default against W. O. B., Inc., in the amount of $20,-000.00 and costs.

On August 25, 1967, petitioner, appearing specially, filed Motion No. 1 seeking to set aside the default judgment as indicated in bench notes made by the court on March 10, 1967. The defendant contended there had been no legal service. Also, it contended there was no record of a valid judgment, the clerk having failed to complete a minute entry. The motion also set forth a valid defense to the original damage suit, and prayed that it be permitted to enter a general appearance and defend the case on its merits.

A motion by plaintiff (No. A) was filed on September 8, 1967, praying for a judgment nunc pro tunc. On the same date, a second motion was filed (No. B) seeking to strike Motion No. 1, asserting it was filed more than four months after final judgment and the court had no jurisdiction.

Petitioner's second Motion No. 2 was filed November 10, 1967, seeking to rescind a minute entry of judgment by the clerk, allegedly made on October 16, 1967, but showing a date of March 10, 1967. Also, on November 10, 1967, a third motion was filed by petitioner apparently presenting a combination of the first and second motions.

Thereafter, plaintiff filed Motion "C" and Motion "D" on December 19, 1967, moving to strike defendant's Motions No. 2 and No. 3.

On November 10, 1967, the court granted the motion of plaintiff to amend the minute entry (previously entered) nunc pro tunc.

On March 5, 1968, the court granted the motion of plaintiff ("C") to strike the motion (No. 1) of defendant.

Also, on March 5, 1968, the court granted plaintiff's Motion "D" striking petitioner's Motion No. 2.

Thereafter, on March 5, 1968, the court granted plaintiff's motion striking petitioner's Motion No. 3.

A bill in equity, filed in the Circuit Court of Marshall County, seeking to set aside the default judgment is currently pending.

We look first at Title 13, § 119 (6670), which gives to a trial court power over its judgment for thirty days. This power is lost at the expiration of the thirty-day period. Appellant contends that because of the failure of the clerk to complete a minute entry of the judgment, there was no valid judgment and the thirty-day period for filing a motion for a new trial had not expired. Here the minute entry was completed by the clerk after the filing of Motion No. 1 on August 25, 1967.

This question was considered in Mt. Vernon-Woodberry Mills v. Union Springs Guano Co., 26 Ala.App. 136, 155 So. 710; certiorari denied 229 Ala. 91, 155 So. 716. The Court of Appeals stated:

"There is a distinction and a difference between the rendition of a judgment and the entry of the judgment in the minutes of the court. In a court of law, where the trial is before a jury, the pronouncement of the court on the verdict rendered is the rendition of judgment, and the entry of such judgment is the ministerial act of the clerk in making the entry on the minutes to the end that the evidence of the judgment of the court as pronounced may be preserved as a permanent record. Under the practice in this state, in cases tried before a jury, when the jury renders its verdict, the pronouncement of judgment on the verdict follows as a matter of course and the entry by the trial judge on the trial docket of a memorandum of the verdict and judgment is the rendition of the judgment of the court. The minutes of the court evidencing the judgment may be and usually are written at a future time and dated as of the date of the rendition of the judgment. A different rule obtains in decrees required to be signed by judge or chancellor, but judgments in courts of law are not required to be so signed. 48 Corpus Juris, 46 (176); Lanier v. Richardson, 72 Ala. 134; Lanier v. Russell, 74 Ala. 364; Ware v. Kent, 123 Ala. 427, 26 So. 208, 82 Am.St.Rep. 132." (26 Ala. App. at 139, 155 So. at 713)

On certiorari, this court held:

" * * *. Whatever may be the meaning of the rendition of judgment as used in section 6127, Code, it means its pronouncement as stated in section 6670, Code, when such pronouncement is so evidenced that a formal entry may be commanded under the rule of Campbell v. Beyers, supra [189 Ala. 307, .66 So. 651]." (229 Ala. at 92, 155 So. at 717)

We hold that it was not necessary in this case that the minute entry be completed before the thirty-day time of limitation for filing a motion for new trial begins to run in an action at law. There was no error in the ruling of the trial court in its ruling on the plaintiff's Motion "C" to strike Motion No. 1 of defendant.

Nor was there error in the ruling of the court in denying relief and striking plaintiff's Motion No. 2 seeking to rescind a minute entry of judgment by the clerk. The order of the court, subsequently made, directing the clerk to amend the judgment nunc pro tunc constituted a ratification of the action of the clerk in entering the original minute entry. Ex parte Alphonse, 261 Ala. 177, 73 So.2d 727; Ex parte Biddle, 258 Ala. 190, 61 So.2d 803; Johnson v. Bryars, 264 Ala. 243, 86 So.2d 371.

Further rulings by the court on subsequent motions were to some extent a duplication of motions already considered and do not require detailed discussion.

We think the writ should not issue, and it is so ordered.

The foregoing opinion was prepared by J. Edgar Bowron, Supernumerary Circuit Judge, and is adopted by the Court as its opinion.

Writ denied.

LIVINGSTON, C. J., and SIMPSON, COLEMAN, BLOODWORTH, and McCALL, JJ., concur.